ZOE HALL *et al.* Appellees, *vs.* THE ROYAL NEIGHBORS OF AMERICA, Appellant.

*Opinion filed December 17, 1907.*

1. BILLS OF EXCEPTIONS—*a bill of exceptions is not part of the record unless it is filed.* Notwithstanding the provision of section 59 of the Practice act that if during the progress of the trial a party shall except, in writing, to an opinion of the court it shall be the duty of the judge to allow the exception and sign and seal the same, "which shall then become a part of the record," a bill of exceptions, though signed and sealed by the judge, does not become a part of the record unless it is filed.

2. SAME—*when a bill of exceptions may be filed as of date of presentation to judge.* Where a bill of exceptions is presented to the judge within the time extended by the order of the court and the date of presentation appears on the face of the bill, any neglect or delay by the judge in signing or sealing the bill will not prejudice the rights of the party presenting it, and the latter may, within a reasonable time after the bill is signed and sealed, have it filed *nunc pro tunc* as of the date of its presentation.

3. SAME—*effect where party neglects to file bill of exceptions within time allowed.* Where a bill of exceptions is presented to the

judge and duly signed and sealed within the time fixed by the order of the court for filing the bill, but the party presenting the bill neglects to file it until after the time so fixed has expired, the bill is not properly a part of the record and will be stricken from the files on motion; nor can there be any amendment to show omitted matters, there being no legal bill of exceptions to amend.

4. SAME—*provisions of Practice act relating to bills of exceptions do not apply to Appellate Courts.* The Appellate Court is not required to sign a bill of exceptions showing what occurred in that court, as the provisions of the Practice act relating to bills of exceptions do not apply to courts of appellate jurisdiction.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the County Court of Ford county; the Hon. H. H. KERR, Judge, presiding.

BENJ. D. SMITH, and J. T. & S. R. KENWORTHY, for appellant:

When a bill of exceptions, by mistake or through inadvertence, fails to present matters material to the cause as they transpire on the trial, the party making the same will have the right, in a proper case, to have an amended bill signed and sealed by the same judge presiding at a subsequent term of the same court in which the cause was tried, upon proper notice to the opposite party. *People* v. *Anthony,* 129 Ill. 218; *Brooks* v. *Bruyn,* 40 id. 64; *Wallahan* v. *People,* 40 id. 104; *Goodrich* v. *Minonk,* 62 id. 121; *Newman* v. *Ravenscroft,* 67 id. 496; *Heinsen* v. *Lamb,* 117 id. 553; *Foundry Co.* v. *Reilly,* 79 Ill. App. 281; *Ayer* v. *Chicago,* 149 Ill. 266; *People* v. *Chetlain,* 219 id. 248.

*Mandamus* will issue to compel a judge to sign and seal a bill of exceptions in a cause tried before him, but he must at least determine the accuracy of the bill which he verifies. *People* v. *Anthony,* 129 Ill. 218; *Ex parte Bradstreet,* 4 Pet. 102.

Upon the filing of a bill of exceptions it becomes a part of the record in the cause, and if for any reason it fails to fully and correctly show what actually transpired it is amendable. *Railroad Co.* v. *Walsh,* 150 Ill. 607.

If, during the progress of any trial in any civil cause, either party shall allege an exception to the opinion of the court and reduce the same to writing, it shall be the duty of the judge to allow said exception and sign and seal the same, and the said exception shall thereupon become a part of the record in the cause.   3 Starr & Cur. Stat. par. 60, p. 3065.

It is unnecessary for a bill of exceptions to be marked "filed" by the clerk in order to be made a part of the record, but it becomes such by the signature of the judge.  *Kimball* v. *Mitchell,* 57 Miss. 632.

If the bill of exceptions is presented to the judge for his signature within the time allowed for filing the same such bill of exceptions is in the record, although it is signed and filed after the expiration of the time allowed.  *McCoy* v. *Able,* 131 Ind. 147; *Malott* v. *Trust Co.* 79 N. E. Rep. 371.

The settling of a bill of exceptions, and also the extension of time for presenting the same, are judicial acts, and such acts can be performed only while the court or judge performing them has jurisdiction of the subject matter and the parties.  *Marseilles* v. *Howland,* 136 Ill. 81.

PHILLIPS & LUDLOW, for appellees:

*Mandamus* to compel the signing, etc., of a bill of exceptions or a statement of facts will be denied where the relator has lost his right by delay or *laches.*   19 Am. & Eng. Ency. of Law, 847.

Whether a party has been guilty of such *laches* as to deprive him of his right is a judicial question, to be determined by the lower court, whose discretion cannot be controlled by *mandamus.*   19 Am. & Eng. Ency. of Law, 847.

A bill of exceptions must be filed within the time prescribed by statute or rule of court.   3 Cyc. 46, and notes.

When filed after the time named in the order has expired the bill of exceptions is void.   3 Ency. of Pl. & Pr. 483, note.

The bill of exceptions is not necessarily a nullity because filed after the expiration of the time allowed by law. The objection may be waived by the appellee, and he will be deemed to waive it where he fails to make a proper and timely objection. 3 Ency. of Pl. & Pr. 478, note.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The transcript of the record brought from the Appellate Court for the Third District on appeal, the assignment of errors endorsed thereon and the briefs and arguments of counsel cover two separate cases. Only one case can be considered, since the law does not provide for a composite appeal or a medley of different suits. One of the suits is an action of assumpsit begun in the county court of Ford county by Zoe Hall and W. J. Lateer, guardian of Thad Hall, appellees, against Royal Neighbors of America, appellant, on a benefit certificate issued upon the life of Florence Hall, in which there was a judgment for $1000 in favor of the plaintiffs and an appeal to the Appellate Court for the Third District. The other proceeding was begun in the Appellate Court by presenting a petition for a writ of *mandamus* in the name of the People of the State of Illinois, on the relation of the Royal Neighbors of America, against H. H. Kerr, county judge of Ford county, and asking leave to file the same, which was denied. The order of the county court allowing the appeal was entered on October 16, 1906, and contained the following provision: "Conditioned, however, on the defendant giving bond in the penal sum of $2000, conditioned according to law, with security, on or before twenty days, and to be approved by the clerk of this court, and to file its bill of exceptions on or before thirty-five days." On November 2, 1906, the bond was filed, and on November 14, seven days before the expiration of the time allowed for filing the bill of exceptions, it was signed

and sealed by the judge, but was taken away by the attorney for the defendant and was not filed until December 5, 1906. The clerk of the county court included the bill of exceptions so filed after the time allowed by the court, in the transcript of the record certified to the Appellate Court. The bill of exceptions did not contain the instructions given or refused, the exceptions of the defendant to the rulings on instructions, the general verdict, the answer to special interrogatories, the motion for a new trial, the overruling of the same and exceptions thereto, or the exception to the judgment. The matters omitted were necessary to the consideration of the errors assigned in the Appellate Court, and at the February term, 1907, of the county court, motions of the appellant to have the bill of exceptions filed *nunc pro tunc,* and for an amendment of the same so as to show the omitted matters, were overruled. At the May term, 1907, of the Appellate Court appellant moved the court for a writ of *certiorari* to the clerk of the county court and for a continuance and an extension of time to file a complete record, abstract and brief, and appellees filed their motion asking the court to strike the bill of exceptions from the files. At that term appellant presented its petition in the name of the People, on the relation of appellant, against H. H. Kerr, county judge of Ford county, setting up the facts in relation to the bill of exceptions and praying for a writ of *mandamus* directed to the said H. H. Kerr, county judge, commanding him to sign an amendment to the bill of exceptions, so as to present all the proceedings as the same transpired upon the trial of the cause. The Appellate Court refused to grant leave to file the petition. In the original case the court denied the motions of appellant for a writ of *certiorari,* a continuance and an extension of time to file a complete record, abstract and brief, and sustained the motion of appellees to strike the bill of exceptions from the files. Appellant presented a bill of exceptions to the Appellate Court embodying all its motions and affidavits, the rul-

ings of the court and exceptions thereto, and asked the court to sign and seal the same, which the court refused to do. Appellees moved the court to affirm the judgment of the county court for a failure to file abstracts, brief and argument in accordance with the rules of the court, and the motion was allowed and the judgment affirmed. Appellant asked for a certificate of importance and prayed an appeal to this court, and the certificate of importance was made and the appeal granted and perfected.

As we interpret the record, the appeal was taken from the judgment of the Appellate Court affirming the judgment of the county court, and that case may properly be considered. A bill of exceptions was essential to the presentation and determination of the assignment of errors, and the only question involved in this appeal is whether the Appellate Court erred in striking from the transcript the bill of exceptions which was filed after the time fixed in the order allowing the appeal. The appeal was granted upon condition that the appellant should file its bill of exceptions on or before thirty-five days, and it was signed and sealed by the judge of the court seven days before the expiration of the time allowed, so that the failure to file it was not due to any neglect or delay of the judge in signing and sealing the same.

Counsel for appellant say that when a bill of exceptions is signed and sealed, it, "in legal contemplation, is lodged with the clerk, and whether, in fact, it be in his actual possession or not, it should be, and in legal contemplation is, in his possession, and whether he performs the ministerial act of affixing his file-mark at the date it became a part of his record, or later, makes no difference." That is saying the law contemplates that a bill of exceptions is filed when it is not filed, and we cannot give our assent to a proposition so absurd.

Counsel further say that a bill of exceptions becomes a part of the record in a case without being filed, by virtue

of the statute, which provides as follows: "If, during the progress of any trial in any civil cause, either party shall allege an exception to the opinion of the court, and reduce the same to writing, it shall be the duty of the judge to allow said exception, and sign and seal the same, and the said exception shall thereupon become a part of the record of such cause." It would make no difference in this case if a bill of exceptions becomes a part of the record without being filed, for the reason that the appeal was granted on condition that the bill of exceptions should be filed within the time limited. The provision in question, however, has been in force since the first practice act was adopted in the State, and is intended to provide for a method of making matters a part of the record which otherwise would not be. It was doubtless enacted in view of the common law, which required exceptions to be taken at the time of the ruling or decision excepted to, and the bill to be presented, settled, signed and sealed before verdict or before the jury was discharged. (*Hake* v. *Strubel,* 121 Ill. 321.) The early practice in this State was the same as at the common law, but it was never understood that a bill of exceptions, although signed and sealed in open court during the progress of the trial, became a part of the record without being left in the office of the clerk, where the other papers and proceedings in the trial were deposited. In 1838, in the case of *Holmes* v. *Parker,* 1 Scam. 567, it was alleged by the appellee that the bill of exceptions had been interpolated by the person who transcribed the record, and a writ of *certiorari* was awarded to the clerk of the court below to send up a true record. In response to the writ the clerk certified that the appeal bond and the bill of exceptions, regularly signed and sealed by the judge, were among the papers in the case but were not marked filed. It was held that the bond and bill of exceptions were not a part of the record and the appeal was dismissed. In *Railway Conductors' Benefit Ass.* v. *Leonard,* 166 Ill. 154, it was said that the certificate of evi-

dence did not become a part of the record until it was placed on file, and that counsel filing the certificate might have procured an order to file it as of a date within the time fixed for filing.

It is settled by numerous decisions that if a bill of exceptions is presented to the trial judge at such time that it can be filed within the time allowed by the order of the court if it is then signed and sealed, the party presenting it will not be prejudiced by any delay or neglect of the court. If the date of presentation appears on the bill, an order may be made whenever it is afterwards signed and sealed, to file it *nunc pro tunc* as of the date of such presentation to the judge. (*Hawes* v. *People,* 129 Ill. 123; *Ferris* v. *Commercial Nat. Bank of Chicago,* 158 id. 237; *West Chicago Street Railroad Co.* v. *Morrison, Adams & Allen Co.* 160 id. 288.) A bill of exceptions, on its face, purports to be signed at the time the exception is taken in the course of the trial, whether it is presented then or afterward; but if it is presented within the time as extended by the court and that fact is shown on the bill, it may be afterward filed of that date within a reasonable time after it is actually signed. This case does not come within that rule, but the failure to file the bill of exceptions was chargeable solely to the attorney who had possession of it.

The Appellate Court did not err in striking the bill of exceptions from the files, and the affirmance of the judgment, under the rules of the court, for failure to file abstract, brief and argument, followed as a matter of course.

What we have said will have the effect of disposing of the other suit for *mandamus.* As there was no legal bill of exceptions there was. nothing to amend. The Appellate Court did not err in refusing to sign the bill of exceptions showing what occurred in that court, since the Practice act does not apply to courts of appellate jurisdiction.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*