**Laura L. Arthur, Appellant, v. John J. Doyle et al., Appellees.**

### Gen. No. 14,601.

APPEALS AND ERRORS—*when appeal from Municipal Court will be dismissed.* An appeal from a judgment of the Municipal Court will be dismissed where a complete transcript of the record is not filed within forty days after the order of judgment or decree appealed from is entered, no extension of the time having been granted and the incompleteness of the record not consisting merely of inadvertent or clerical omissions.

Action of debt. Appeal from the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Appeal dismissed. Opinion filed June 9, 1908.

**Statement by the Court.** Appellant brought in the Municipal Court of Chicago an action of debt against appellees, in which she claimed $1,500 debt and $1,500 damages, thus making her action a case of the first class. February 10, 1908, she recovered a judgment for $1,500 debt and $8 damages and costs, from which she prayed and was allowed an appeal to this court, and filed her bond. The transcript filed by her in this court March 11, 1908, was certified by the clerk of the Municipal Court to be a "complete transcript of certain proceedings in a certain cause * * * lately pending in said court wherein" appellant was plaintiff

and appellees defendants.   May 21st she in this court suggested a diminution of the record and asked leave to file an additional record instanter, and her motion was denied.   May 28th appellees moved to dismiss her appeal.

STEELE & THOMPSON, for appellant.

No appearance by appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

Section 22 of the Municipal Court Act provides that "Authenticated copies of records of judgments, orders and decrees appealed from shall be filed in the office of the clerk of the Supreme Court, or of the Appellate Court, as the case may be, within forty days after the date of the order, judgment or decree appealed from, unless the Municipal Court, by an order entered within said forty days, shall have granted further time for the filing of the same."   Laws of 1907, 236.

Appellant did not, within forty days from the date of the judgment, obtain from the Municipal Court an order granting her further time for filing of the transcript in this court.   If the transcript filed March 11th had been certified to be a complete copy of the record, and through mistake any part of the record was omitted from such transcript, then on suggestion of diminution this court would have the power to grant leave to supply the part of the record so omitted from the transcript.   But the transcript filed March 11 is not certified to be a complete copy of the record, but only of "certain proceedings in the cause."

Whether this court had the power, within forty days from the date of the judgment, to extend the time to complete the transcript, is a question not before us, for no application was made for such extension within that time.

The words "Authenticated copies of records of judg-

ments,'' in said section 22, means copies which are certified by the clerk to be complete copies of the record. Gadwood v. Kerr, 181 Ill. 163. Appellant failed to file such copy within the time fixed by the act giving her the right to appeal, or to obtain further time, and her appeal must be dismissed.

*Appeal dismissed.*