486    APPELLATE COURTS OF ILLINOIS.

Pittsburgh & Ind. C. Co. v. Harder's Fire. S. & V. Co., 144 App. 486.

## Pittsburgh & Indiana Coal Company, Appellant, v. Harder's Fireproof Storage & Van Company, Appellee.

### Gen. No. 15,090.

1.  APPEALS AND ERRORS—*when bill of exceptions not part of record*. A bill of exceptions though signed and sealed is not part of the record unless filed with the clerk.

2.  APPEALS AND ERRORS—*within what time transcript from Municipal Court must be filed*. The transcript upon an appeal from a judgment of the Municipal Court must be filed in the Appellate Court within forty days after the date of the judgment unless an order has been entered by the Municipal Court within such forty days granting further time for the filing of such record.

Appeal from the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Record stricken and appeal dismissed. Opinion filed November 6, 1908.

WINKLER, BAKER & HOLDER, for appellant.

DUNN & HAYES, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Motions are made by the appellee that the bill of exceptions purporting to be a part of the record be stricken from the files; second, that the record of the Municipal Court filed in this cause be stricken from the files; and third, that the judgment of the Municipal Court be affirmed.

It appears from the record that on June 6, 1908, final judgment was entered in the Municipal Court against appellant, Pittsburgh & Indiana Coal Company, in favor of appellee, Harder's Fireproof Storage & Van Company. On June 30, 1908, an appeal bond was approved by the trial court. July 14, 1908, the trial court entered an order extending the time for filing a bill of exceptions "thirty days from date of

statutory period, to wit, July 16, 1908''. On August 12, 1908, the court ordered that time to file bill of exceptions be extended twenty days from August 16, 1908. September 4, 1908, a bill of exceptions was presented to and signed by the trial judge; and on September 18, 1908, it was filed with the clerk of the Municipal Court. The record was filed in this court October 7, 1908.

In Hall v. Royal Neighbors, 231 Ill. 185, it is held that a bill of exceptions, though signed and sealed by the judge, does not become a part of the record unless it is filed. Under this ruling the bill of exceptions did not become a part of the record of the Municipal Court within the time fixed by the court by the order of August 12, 1908, for it was not filed with the clerk until September 18, 1908. It is possible (though the question is not before us, and we express no opinion thereon), that this defect in the record might be cured by a *nunc pro tunc* order directing the bill of exceptions to be filed as of September 4, 1908, but even though such an order should be procured and the bill of exceptions were to be filed as of that date, there is an insuperable objection to the jurisdiction of this court to hear and determine this appeal, because of the fact that the record of the Municipal Court was not filed in this court within forty days after the date of the judgment as provided by section 22 of the Municipal Court Act, and no order was entered within the forty days granting further time for filing the record. Arthur v. Doyle, 141 Ill. App. 432.

The motion to affirm the judgment of the Municipal Court is denied. The motion to strike the record from the files is allowed and the appeal is dismissed.

*Record stricken and appeal dismissed.*