THE T. E. HILL COMPANY, Appellant, *vs.* THE UNITED
STATES FIDELITY AND GUARANTY COMPANY, Appellee.

*Opinion filed December 16, 1914.*

1. BANKRUPTCY—*Bankruptcy act does not limit right to apply
for receiver to a petitioning creditor.* The Federal Bankruptcy act
does not limit the right to apply for a receiver to the creditors pe-
titioning for an adjudication of bankruptcy but authorizes such ap-
plication to be made by any party in interest, which includes any
creditor having a provable debt against the bankrupt which would
be affected by the discharge in bankruptcy.

2. SAME—*appointment of a receiver is ancillary to bankruptcy
proceeding.* The petition for an adjudication of bankruptcy and
the application for the appointment of a receiver are separate and
distinct, and the appointment of the receiver is but ancillary to the
bankruptcy proceeding.

3. SAME—*purpose of section 3e of Bankruptcy act.* The pur-
pose of section 3*e* of the Bankruptcy act, requiring a bond by the
applicant for a receiver, was to protect the alleged bankrupt from
all costs, expenses and damages incident to the seizure of his prop-
erty, not only up to the time of an appeal from the order, if there
be an appeal, but until final adjudication or an order of the court
turning back the property.

4. SAME—*order dismissing petition for adjudication does not,
ipso facto, discharge the receiver.* An order dismissing a petition
for an adjudication in bankruptcy does not, *ipso facto,* discharge
the receiver appointed on the application of a creditor but the re-
ceiver is still amenable to the court, and his functions do not en-
tirely cease until he has been expressly discharged by an order of
the court.

5. SAME—*bond on appeal from order dismissing petition does
not operate as a supersedeas bond.* An appeal bond given on ap-
peal from an order dismissing a petition for an adjudication of
bankruptcy does not operate as a *supersedeas* bond, so as to per-
mit the recovery on such bond of damages due to a continuation
of the receivership pending the appeal.

6. SAME—*continuance of a receivership after order dismissing
petition is discretionary with the court.* The continuance of a re-
ceivership, after an order dismissing the petition for an adjudica-
tion of bankruptcy, rests within the sound discretion of the district
court, and the fact that the court recites, in its order denying an
application for the discharge of the receiver, that an appeal has
been taken from the order dismissing the petition does not operate

to extend the bond given on such appeal so as to cover damages occasioned by the continuance of the receivership.

7. SAME—*bond given on application for receiver is one which covers damages and costs due to receivership.* The bond given under section 3e of the Bankruptcy act upon the application for the appointment of the receiver is the one to which the bankrupt must look to to recover his damages and costs occasioned by the creation and continuance of the receivership.

8. SAME—*bond on appeal from order dismissing petition does not cover damages from continuance of receivership.* The bond given on appeal from an order dismissing a petition for an adjudication of bankruptcy covers the costs and damages incidental to the appeal but does not cover damages and costs sustained by reason of the continuance of the receivership pending the appeal under an order entered after the appeal was taken and perfected denying an application for discharge of the receiver, even though the appeal bond uses the words "all damages and costs."

APPEAL from the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

BUELL, ABBEY & WILLIAMS, and FRED W. BENTLEY, for appellant.

JOHN A. BLOOMINGSTON, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

On September 21, 1905, the Contractors Supply and Equipment Company, W. J. Quan and the E. L. Hasler Company filed their petition in the United States district court for the northern district of Illinois to have appellant, the T. E. Hill Company, adjudged a bankrupt. On the same day the Contractors Supply and Equipment Company, upon its application, secured the appointment of a receiver, who took possession of the property and assets of appellant. On February 10, 1906, the petition to have appellant adjudged a bankrupt was dismissed by the district court.

On February 13 an appeal was prayed from the order dismissing the petition to the United States circuit court of appeals, which was allowed upon petitioners giving bond in the sum of $5000. On February 20 the appeal was perfected by the filing and approval of the bond, which was signed by the United States Fidelity and Guaranty Company, the appellee here, as surety. On February 13, the day the appeal was prayed and allowed from the order dismissing the petition, William A. Bither was appointed the assignee of the appellant by the county court of Cook county under the Voluntary Assignment act. On the following day, February 14, Bither, as such assignee, made application for a rule on the receiver to turn over to him the property of appellant. On February 23 the district court denied this application. The United States circuit court of appeals thereafter affirmed the order of the district court dismissing the petition to have appellant adjudged a bankrupt. Upon the appointment of the receiver and the seizure of the property of appellant on the application of the Contractors Supply and Equipment Company a bond was required of the applicant, under section 3*e* of the Federal Bankruptcy act, in the sum of $5000. Suit was thereafter brought on that bond by appellant and a recovery had for the full amount of the penalty. (*Hill Co.* v. *United States Guaranty Co.* 250 Ill. 242.) Appellant then brought this suit in the municipal court of the city of Chicago against appellee on the said appeal bond to recover damages sustained by reason of the seizure and detention of its property by the receiver. The trial court rendered judgment for $5000, the full amount of the penalty of the appeal bond. This judgment was reversed by the Appellate Court for the First District with a finding of facts, and judgment was entered in that court in favor of appellant for nominal damages in the sum of one cent. A certificate of importance was granted, and this appeal followed.

Appellant contends that the appeal bond was a *supersedeas* bond, which, under the order of the district court, prolonged the receivership, and that the receiver's bond and appeal bond are cumulative, and that the appellee, as surety on the appeal bond, is liable to appellant for the damages sustained by reason of the continuance of the receivership during the pendency of the appeal. Appellee, on the other hand, contends that the three petitioning creditors, for the successful prosecution of whose appeal it became liable, are only liable for the costs of suit, etc., that were incurred in that appeal, and that as the receiver was appointed upon the application of the Contractors Supply and Equipment Company, alone, under section 3*e* of the Federal Bankruptcy act, any damages which may have been sustained by appellant by reason of the appointment of the receiver and the seizure and detention of its property are recoverable only on the receiver's bond, or from the applicant for the appointment of a receiver, the Contractors Supply and Equipment Company.

Section 59*b* of the Federal Bankruptcy act provides that three or more creditors, under the conditions therein named, may file a petition to have the debtor adjudged a bankrupt. The third clause of section 2, and section 3*e* of that act, deal with the appointment of receivers. The third clause of said section 2 provides that the courts of bankruptcy are empowered to appoint receivers or the marshals, "upon application of parties in interest," in case the court finds it necessary for the preservation of the estate, to take charge of the property of bankrupts after the filing of the petition and until it is dismissed or the trustee has qualified. Said section 3*e* is as follows:

"Sec. 3*e*. Whenever a petition is filed by any person for the purpose of having another adjudged a bankrupt, and an application is made to take charge of and hold the property of the alleged bankrupt, or any part of the same, prior to the adjudication and pending a hearing on the

petition, the petitioner or applicant shall file in the same court a bond, with at least two good and sufficient sureties, who shall reside within the jurisdiction of said court, to be approved by the court or a judge thereof, in such sum as the court shall direct, conditioned for the payment, in case such petition is dismissed, to the respondent, his or her personal representatives, all costs, expenses and damages occasioned by such seizure, taking and detention of the property of the alleged bankrupt. If such petition be dismissed by the court or withdrawn by the petitioner, the respondent or respondents shall be allowed all costs, counsel fees, expenses and damages occasioned by such seizure, taking or detention of such property. Counsel fees, costs, expenses and damages shall be fixed: and allowed by the court and paid by the obligors in such bond."

It will be noted that the act does not limit the right to apply for the appointment of a receiver to any one or more of the petitioning creditors but provides that any party in interest may make application for such appointment. This would necessarily include any creditor who has a provable debt against the bankrupt that would be affected by his discharge in bankruptcy, whether he be one of the petitioning creditors or not. From a consideration of this provision in reference to the appointment of receivers, together with the other provisions of the Bankruptcy act, it is apparent that the petition for adjudication and the application for the appointment of a receiver are separate and distinct and that the receivership proceedings are but ancillary to the proceedings in bankruptcy. The Federal courts have so held. Section 69 of the Bankruptcy act is very similar to the said section 3e, and provides that the judge may, upon satisfactory proof, by affidavit, that the bankrupt against whom an involuntary petition is pending has committed an act of bankruptcy and is neglecting his property, issue a warrant to the marshal to seize and hold the property subject to further orders, upon the application for

such warrant and entering into such bond as the judge shall require. In the case of *In re Kelly,* 91 Fed. Rep. 504, it was held that the proceedings for such warrant and any execution thereof are separate and distinct from the petition in bankruptcy and must be prosecuted by a separate petition. In passing upon this question the court there said: "Under section 69 of the act the warrant of seizure can only issue after a petition by creditor has been filed, and possibly not until notice of it has been given, though we need not determine that point now, but the implication of the statute is that it is altogether a separate proceeding. The same implication appears from section 3e of the statute, which seemingly is quite identical with section 69 in respect of the matter of seizure of the alleged bankrupt's property *pendente lite.* To avoid all confusion they ought to be separated in practice, whether it is required by the statute or not. The separation will serve a useful purpose of calling attention of the parties to the fact that the seizure is a subsequent and independent procedure, which is not necessarily a part of the proceedings in bankruptcy." This decision was followed in the case of *In re Ogles,* 93 Fed. Rep. 429.

In the matter of adjudging the costs and expenses of a receivership the Federal courts have uniformly proceeded upon the theory that the application for the appointment of a receiver is separate and distinct from the bankruptcy proceedings. In the case of *In re Ashenbach Co.* 183 Fed. Rep. 305, it was held that there was abundant authority for the order compelling the petitioning creditor, who alone applied for the appointment of a receiver, to pay all costs and expenses of the receivership upon the dismissal of the petition for adjudication and a vacation of the receivership. In that case the court followed the holding in the case of *In re LaCov,* 142 Fed. Rep. 960.

Ample provision is made for the protection of the bankrupt by said section 3e, which expressly provides that the

bond required shall cover "all costs, expenses and damages occasioned by said seizure, taking and detention of the property of the alleged bankrupt." In construing the language of this section it was said in the case of *In re Spaulding,* 150 Fed. Rep. 120: "The fact that the second paragraph provides that all costs, etc., shall be allowed, is based upon the assumption that a bond will be taken large enough to cover all costs." In *In re Haff,* 135 Fed. Rep. 742, referring to the provisions of these sections of the Bankruptcy act, it was also said that it was the obvious purpose of the act to require indemnity to be given to an alleged bankrupt before his property should be taken from his possession, and to spare him the expense and trouble of seeking other remedies by requiring the party or parties who seek to dispossess him of his property in advance of an adjudication, to furnish him with the security adequate for his complete protection. It is the evident purpose of this statute to protect the alleged bankrupt from all costs, expenses and damages incident to the seizure of his property,—not only up to the time of appeal, if there be an appeal, but until final adjudication or an order of the court turning back the property. In fact, if no bond should be given under said section 3*e,* or if a bond be given and it proves to be inadequate, the applicant for the appointment of the receiver would still be liable, and, independent of the bond, he could be compelled to pay the costs and expenses of the receivership. Upon the appointment of a receiver on the application of a creditor the alleged bankrupt can be indemnified only by the provisions of said section 3*e,* and the bond there required to be given is the only one he can look to to recover his damages and expenses upon the discharge of the receiver. If at any time it became apparent that the bond given upon the application for the appointment of the receiver was insufficient and not ample to indemnify appellant for all damages which might grow out of the seizure and detention of his property, he

had the right to apply to the court to require the creditor who had secured the appointment of the receiver to give an additional and sufficient bond.

The contention of appellant that the appeal bond operated as a *supersedeas* bond, which, under the order of the court, prolonged the receivership, is not sound. The order of the district court dismissing the petition for adjudication did not, *ipso facto,* discharge the receiver. The functions of the receiver, as between the parties in interest, cease with the final termination of the petition for adjudication. The receiver is still amenable to the court, however, and his functions do not entirely cease until he has been expressly discharged by order of the court. In this case the receiver was not discharged or the receivership in any way terminated, and no occasion had arisen which would require a *supersedeas* bond, if it were possible to require one in any event. The receiver not having been discharged there was nothing to be superseded. If it were permissible to make an appeal bond, in such a case as this, operate as a *supersedeas,* then had the order dismissing the petition for adjudication operated, *ipso facto,* as a discharge of the receiver, or had he been discharged by express order of the court, there might have been occasion for such a bond in order to continue the receivership pending the appeal.

Appellant places great reliance upon the fact that in denying the application of Bither to discharge the receiver the court entered the following order on February 23, 1906: "This matter coming on to be heard upon the motion of William A. Bither, assignee of said T. E. Hill Company, for an order upon the receiver herein to turn over to him all the assets belonging to the said bankrupt estate now in his possession, come the parties by their solicitors, and it appearing to the court that an appeal has been allowed from the order heretofore entered herein dismissing the petition of the petitioning creditors, it is ordered by the

court that said motion be, and the same is, hereby overruled and denied, without prejudice to a renewal of the same in the event said appeal shall not be prosecuted with effect." The receivership matter being an ancillary proceeding entirely separate and distinct from the bankruptcy proceeding, it rested within the discretion of the district court to discharge the receiver or continue the receivership upon the appeal to the circuit court of appeals. It is of no importance that the court, in denying the application for the discharge of the receiver, recited the appeal which had been taken by the petitioners in the bankruptcy proceedings from the order dismissing the petition. The petition had been dismissed on February 10 and an appeal from that order had been prayed and allowed on February 13. This appeal was perfected by the filing of the bond required on February 20. The application for the discharge of the receiver was not made until February 14, the day after the appeal had been prayed and allowed, and was not passed upon until February 23, three days after the appeal had been perfected. Leaving out of consideration the fact that these proceedings are separate and distinct, there is nothing in the record allowing the appeal and in denying the application for the discharge of the receiver which indicates that it was intended by the court or the parties that the appeal bond should cover the expenses and damages occasioned by a continuation of the receivership.

Counsel point out that the amount of the penalty of the bond should be taken as an indication that the bond was meant to cover more than the ordinary costs and expenses of an appeal, but it must be borne in mind that the amount of this bond was fixed on February 13, the day before the application was made for the discharge of the receiver and ten days before the court denied that application.

Counsel also rely upon the fact that the condition of the appeal bond was, that if the petitioning creditors should prosecute their appeal with effect and answer "all damages

and costs" if they failed to make their plea good, then the obligation was to be void, otherwise to remain in full force and virtue. We do not attach the significance to the words, "all damages and costs," that counsel do. These words were no doubt intended to mean such damages and costs as were incidental to the appeal, and cannot be construed to mean any damage occasioned by the seizure or detention of appellant's property in the matter of the receivership. Appellant made no attempt in the trial court to prove the amount of the costs and expenses incurred upon the appeal from the district court to the circuit court of appeals, but sought to recover only for such damages as it sustained by reason of the continuance of the receivership.

The judgment of the Appellate Court was proper and is affirmed.

*Judgment affirmed.*