THE ILLINOIS IMPROVEMENT AND BALLAST COMPANY, Appellant, *vs.* INGER C. HEINSEN, Exrx., Appellee.

*Opinion filed December 22, 1915.*

1. BILLS OF EXCEPTIONS—*when a bill of exceptions is not properly in the record.* Where a bill of exceptions is presented to the trial judge within the time allowed by law and an order is obtained extending the time for filing the same, if the bill is not signed by the judge within the extended time it may be filed on the date when it is signed by the judge, or the judge may at that time enter an order that the bill shall be filed *nunc pro tunc* as of the date of its presentation; but if it is not filed for several days after it is signed it is not properly in the record, even though on the day following the filing an order is entered by a judge not shown to have had any connection with the case, directing that the bill be filed *nunc pro tunc* as of the date of its presentation. (*People* v. *Rosenwald*, 266 Ill. 548, followed.)

2. SAME—*the Appellate Court has power to strike bill of exceptions from record.* If it appears from the record that a bill of exceptions has not been filed within the time allowed by law the Appellate Court has power to strike the same from the record.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. J. STERLING POMEROY, Judge, presiding.

DAVID B. MAXWELL, and HARRY F. HAMLIN, for appellant.

MOSES, ROSENTHAL & KENNEDY, (WALTER BACHRACH, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action brought in the probate court of Cook county and appealed from that court to the circuit court of said county. Verdict and judgment were in favor of appellee. That judgment, on appeal to the Appellate Court, was affirmed. Petition for *certiorari* to this court was denied

in that case. A writ of error was thereafter sued out from the Appellate Court to the circuit court to review the entire proceedings. The Appellate Court again affirmed the judgment of the circuit court and granted a certificate of importance to this court.

Judgment was originally entered in the circuit court in this case on April 5, 1913. On that date appellant prayed and was allowed an appeal to the Appellate Court upon its filing an appeal bond, together with bill of exceptions, within ninety days. The appeal bond was filed two days thereafter. On June 23, 1913, an order was entered, on motion of appellant, extending the time in which to file its bill of exceptions to and including August 15, 1913, and, as shown by the bill of exceptions, it was marked by the trial judge, H. Sterling Pomeroy, as presented on said June 23, 1913. September 27, after the expiration of the time allowed by the order of June 23, the bill of exceptions was signed and sealed by Judge Pomeroy without any order being entered as to when such bill of exceptions should be filed. As a matter of fact, it was not filed until October 14, 1913, seventeen days after it was signed and sealed by Judge Pomeroy. It appears from the record that on October 15, 1913, an order was entered by Chief Justice Petit of the circuit court of Cook county ordering the bill of exceptions to be filed *nunc pro tunc* as of June 23, 1913. On motion of appellee the Appellate Court, on the original appeal, struck the bill of exceptions from the record because it was not filed within the time allowed by law, and allowed a similar motion the second time, when the cause was brought to that court by writ of error. It is conceded that if the bill of exceptions was properly stricken from the record by the Appellate Court there is nothing left to be considered by this court, because the assignments of error in no way affect the common law record remaining.

It is argued by counsel for appellee that this court, in refusing the *certiorari* from the judgment of the Appellate

Court on the original appeal to that court, decided this question finally, as the record in that case, with the assignments of error, covered identically the same questions as are covered here, and the question as to the right of the Appellate Court to strike the bill of exceptions from the record was raised on the petition for *certiorari* in the same way it is raised here. If it be conceded the identical questions as to the bill of exceptions being stricken from the record were raised by the petition for. *certiorari,* beyond doubt the decision of this court on that petition is decisive and final on this question. But waiving that point, we think the bill of exceptions was rightly stricken by the Appellate Court when the record was brought to that court by writ of error. Judge Petit does not appear to have had any connection with the trial of the case, and no reason is given in the order signed by him, or at any other place in the record, why or on what authority he entered the order that the bill of exceptions should be filed *nunc pro tunc* as of June 23, 1913. Under the reasoning and authorities cited in *People* v. *Rosenwald,* 266 Ill. 548, Judge Petit's order must be held, on this record, to have been without authority. When Judge Pomeroy signed the bill of exceptions on September 27, 1913, as·it was presented to him within the proper time he could have entered an order allowing the bill of exceptions to be filed *nunc pro tunc* as of June 23, 1913, or it could have been filed by the clerk as of the date it was signed by Judge Pomeroy. (*Hill Co.* v. *United States Guaranty Co.* 250 Ill. 242.) In *Hall* v. *Royal Neighbors,* 231 Ill. 185, this court held that the Appellate Court rightly struck a bill of exceptions from the record in its court because it had been filed in the circuit court fourteen days after the time in which it should have been filed and twenty-one days after it had been signed by the judge. The court there held that where the bill of exceptions is presented to the trial judge and duly signed within the time fixed by the order of the court for filing it, but the party presenting the

bill neglects to file it until after the time fixed has expired, the bill is not properly a part of the record and will be stricken from the record on motion. Under that case and the decisions there cited this bill of exceptions was not filed within the time authorized by law.

Counsel for appellant argue that the Appellate Court, having only appellate jurisdiction, is without authority to enter an order striking a bill of exceptions from the record. We cannot see the force of this suggestion, as the record itself shows the time the various orders referred to in this cause were entered, and that record speaks for itself. The question of what the record shows may be tried by the record at any time. (*Haines* v. *Danderine Co.* 248 Ill. 259; *Hill Co.* v. *United States Guaranty Co. supra.*) The authority of the Appellate Court to strike a bill of exceptions from the record when not filed within the time allowed by law has been approved by this court in many cases, among which are *Hall* v. *Royal Neighbors, supra, Lassers* v. *North-German Lloyd Steamship Co.* 244 Ill. 570, and *Haines* v. *Danderine Co. supra.* Had the record shown that the bill of exceptions had been filed within the time allowed by law, the authorities cited by counsel for appellant on this point, such as *Village of Hyde Park* v. *Dunham,* 85 Ill. 569, and *Pardridge* v. *Morgenthau,* 157 id. 395, might be in point, but with the present record they have no bearing. The question here is whether it was filed within the time required by law. The record itself, on its face, shows it was not.

The Appellate Court rightly struck the bill of exceptions from the record. The judgment of that court must therefore be affirmed.

*Judgment affirmed.*