## David H. Zbinden, Appellee, v. E. R. DeMoulin, Appellant.

1. APPEAL AND ERROR—*time for filing bill of exceptions.* The mere signing of a bill of exceptions by the trial judge, within the time fixed by order of court for filing, does not make it a part of the record; it must be filed with the clerk of the court in which the cause was heard within the time fixed in the order.

2. APPEAL AND ERROR—*duty of clerk as to filing of bill of exceptions.* It is the duty of the clerk of the court to file a bill of exceptions as of the date presented to the judge for signing, after the latter has delayed signing until long after the time fixed in the order for filing, even without the judge's order *nunc pro tunc*, provided always that the bill is deposited with the clerk as soon as practicable after the trial judge has signed it.

3. APPEAL AND ERROR—*when bill of exceptions not filed in time.* If a record affirmatively shows that counsel for appellant, upon receiving the bill of exceptions signed by the trial judge long after the time fixed in the order for filing, kept the bill five days for abstracting before giving it to the clerk for filing, a motion to strike the bill will be allowed.

4. APPEAL AND ERROR—*affirmance on striking bill of exceptions.* After a bill of exceptions has been stricken as filed too late, in the absence of assignments of error reaching the common-law record, the trial court's judgment will be affirmed.

Appeal by defendant from the Circuit Court of Bond county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the March term, 1926. Affirmed. Opinion filed February 19, 1927.

ROBERT E. WRIGHT and NOLEMAN, SMITH & DALLSTREAM, for appellant.

LANE, DRYER & BROWN and HILES, NEWELL & BROWN, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

This is an appeal prosecuted by appellant to reverse a judgment for $5,000 obtained by appellee against him in the circuit court of Bond county on a declaration charging a personal injury to appellee by reason of the alleged negligence of appellant.

A motion was made by appellee to strike the bill of exceptions from the files and dismiss said appeal or affirm said judgment, on the ground that said bill of exceptions was not filed within the time fixed by the court rendering said judgment, nor within a reasonable time after said judge had signed the same. This motion was taken with the case.

The judgment in this case was entered on October 31, 1925. At said time, an appeal was allowed to this court, the bill of exceptions to be presented within 90 days from said date. The bill of exceptions was presented to the trial judge on November 14, 1925, but was not signed by him until February 12, 1926, and was not filed with the clerk of said court until February 20, 1926, being eight days after the same was signed by said judge.

A bill of exceptions or a certificate of evidence does not become a part of the record until it is placed on file. *Railway Passenger & Freight Conductors' Mut. Aid & Benefit Ass'n v. Leonard*, 166 Ill. 154; *Hall v. Royal Neighbors of America*, 231 Ill. 185; *Williams v. De Roo*, 316 Ill. 23-25. In the latter case, the court in discussing this question at page 25 says:

"Though a certificate of evidence has been signed and sealed by the chancellor within the time fixed by the order of the court for filing a certificate, it does not become a part of the record unless it is filed with the clerk of the court in which the cause was heard, within the time fixed by the order." Citing *Hall v. Royal Neighbors of America, supra; Illinois Improvement & Ballast Co. v. Heinsen*, 271 Ill. 23; *Holmes v. Parker*, 1 Scam. (Ill.) 567.

In answer to the motion of appellee to strike said bill of exceptions from the record for failure to file same in proper time, Robert B. Wright, one of the attorneys for appellant, filed an affidavit, setting forth that the bill of exceptions came to his office through the mail on February 15, 1926; that, without examining the same, he went to Springfield on certain business he had there, and, on his return on February 16, proceeded to abstract said bill of exceptions and thereafter, on February 20, 1926, delivered said bill of exceptions to the clerk of said court, by whom it was filed.

Counsel for appellant contends that it was the duty of the trial judge to have entered a *nunc pro tunc* order at the time of signing said bill of exceptions, directing the clerk to file the same as of November 14, 1925, being the date the same was presented to said judge, and that, in the absence of such order, it was the duty of the clerk to have filed the same as of said date.

Counsel's statement of the law is fully borne out by the authorities, where the bill of exceptions has been deposited with the clerk as soon as practicable, after having been signed by the trial judge. *Hall v. Royal Neighbors of America, supra; Hill Co. v. United States Fidelity & Guaranty Co.,* 250 Ill. 242; *Illinois Improvement & Ballast Co. v. Heinsen, supra; City of Lake Forest v. Buckley,* 276 Ill. 38; *Madden v. City of Chicago,* 283 Ill. 165.

The material question, however, to be determined on this motion is as to whether appellant caused said bill of exceptions to be filed within a reasonable time after the same had been signed. The record clearly discloses that said bill of exceptions was signed on February 12, and was not taken to the clerk's office by counsel for appellant until February 20, although he had had actual possession of the same since February 15, and constructive possession thereof since February 12, the date on which it was signed.

If it be held that affidavits in this character of case are proper (which we are not holding), there is nothing in the affidavit of Robert B. Wright tending to excuse his failure to file said bill of exceptions at least as early as February 15. If the attorney for a party appealing holds a bill of exceptions an unreasonable time after the same has been signed, before depositing it in the clerk's office to be filed, then the appeal court is warranted in striking the same from the record. *Hall v. Royal Neighbors of America, supra,* 192; *Illinois Improvement & Ballast Co. v. Heinsen, supra,* 25; *City of East St. Louis v. Vogel,* 276 Ill. 490; *Illinois Improvement & Ballast Co. v. Heinsen,* 187 Ill. App. 443.

In *Illinois Improvement & Ballast Co. v. Heinsen, supra,* the Supreme Court at page 25 says:

"In *Hall v. Royal Neighbors,* 231 Ill. 185, this court held that the Appellate Court rightly struck a bill of exceptions from the record in its court because it had been filed in the circuit court fourteen days after the time in which it should have been filed and twenty-one days after it had been signed by the judge. The court there held that where the bill of exceptions is presented to the trial judge and duly signed within the time fixed by the order of the court for filing it, but the party presenting the bill neglects to file it until after the time fixed has expired, the bill is not properly a part of the record and will be stricken from the record on motion. Under that case and the decisions there cited, this bill of exceptions was not filed within the time authorized by law."

This case was cited and approved in *Williams v. De Roo, supra,* page 25.

It is the duty of appellant, not of the trial judge, to see that bill of exceptions is properly filed. *Hall v. Royal Neighbors of America, supra; Illinois Improvement & Ballast Co. v. Heinsen, supra.* In *Hall v. Royal Neighbors of America, supra,* the court at page 190 says:

"The appeal was granted upon condition that the appellant should file its bill of exceptions on or before thirty-five days, and it was signed and sealed by the judge of the court seven days before the expiration of the time allowed, so that the failure to file it was not due to any neglect or delay of the judge in signing and sealing the same.

"Counsel for appellant say that when a bill of exceptions is signed and sealed, it, 'in legal contemplation, is lodged with the clerk, and whether, in fact, it be in his actual possession or not, it should be, and in legal contemplation, is, in his possession, and whether he performs the ministerial act of affixing his file-mark at the date it became a part of his record, or later, makes no difference.' That is saying the law contemplates that a bill of exceptions is filed when it is not filed, and we cannot give our assent to a proposition so absurd."

The record here affirmatively shows that counsel for appellant not only failed to deposit the bill of exceptions with the clerk immediately after the same came into his possession, but that he used said bill of exceptions for some four or five days for the purpose of making an abstract before depositing it. We therefore hold, under the authorities cited, that appellant retained said bill of exceptions for an unreasonable time after the same was signed by the trial judge, and that the motion to strike said bill of exceptions should be allowed.

There is no contention that any of the assignments of error in this case reach the common-law record. That being true, and the bill of exceptions having been stricken from the files, the judgment of the trial court must be affirmed. *People v. Lucor,* 317 Ill. 423-425, citing: *People v. Rosenwald,* 266 Ill. 548; *Haines v. Knowlton Danderine Co.,* 248 Ill. 259; *Wurlitzer Co. v. Dickinson,* 247 Ill. 27; *Lassers v. North-German Lloyd*

*S. S. Co.,* 244 Ill. 570; *Hall v. Royal Neighbors of America, supra; Illinois Improvement & Ballast Co. v. Heinsen, supra; People v. Tananevicz,* 285 Ill. 376.

*Judgment affirmed.*