## A. G. Stanford, Appellee, v. L. N. & R. News Company, Appellant.

1. APPEAL AND ERROR—*necessity of attaching assignment of errors to the record.* Unless the assignment of errors is written on or attached to the record as required by the rule of the Appellate Court, there can be no joinder in error and no issue to be tried by the Appellate Court, and this requirement is not waived· by failure to object.

2. APPEAL AND ERROR—*when errors may not be assigned upon the record.* After a cause has been submitted to the Appellate Court for final determination, it is too late for the appellant to secure leave to assign errors upon the record, and too late for the court to require him to do so.

3. APPEAL AND ERROR—*when bill of exceptions filed too late not part of record.* A bill of exceptions not filed until after the time allowed for filing is not properly a part of the record.

Appeal by defendant from the Circuit Court of Clay county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the March term, 1927. Appeal dismissed. Opinion filed May 14, 1927.

WILSON & WILSON, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

No assignment of errors has been written upon or attached to the record as required by Rule 15 of this court. The requirement, that upon appeal or writ of error there must be an assignment of errors written upon or attached to the record, is not a mere matter of form to be considered waived if not objected to, but one of substance. The assignment of errors performs the same office in this court that a declaration does in a court of original jurisdiction, and is equally essential in the forming of an issue upon which the court can

properly give judgment. It is not sufficient that the abstract of the record shows an assignment of errors which is not written upon or attached to the record. No errors having been assigned on the record, there is and can be no joinder in error, and, therefore, no issue in this court to try.

The cause having been submitted for final determination, it is now too late for appellant to obtain leave to assign errors upon the record or for the court to require it to do so. The failure to assign errors on the record necessitates a dismissal of the appeal even though alleged errors are argued in the briefs. We have frequently called attention to the fact that it is essential that the assignment of errors must be written upon or attached to the record, and unless it is there is nothing for this court to consider. *McAllister & Schroeder v. Weber Motor Car Co.*, 243 Ill. App. 530, and cases cited therein.

We would call attention to the fact that at the close of the common-law record the clerk of the circuit court certifies, ''The above and foregoing to be a true, perfect and complete copy of all of the proceedings at the September Term, A. D. 1926, in a certain cause then pending in said court on the common law side thereof, wherein A. G. Stanford is plaintiff and L. N. & R. News Company, a corporation, is defendant, etc.''

Following that certificate is what purports to be a bill of exceptions, but the same is not certified as a part of the transcript of the record. It may or may not be the original bill of exceptions. On the first page thereof, after the title of the case, we find the following statement: ''Be it remembered, that upon the 15th day of February A. D. 1927 there was filed in the office of the clerk of the circuit court of Clay county, Illinois, a bill of exceptions in the case of *A. G. Stanford v. L. N. & R. News Company,* a corporation, which said bill of exceptions is as follows, that is to say'':

The purported bill of exceptions shows that it was presented to the trial judge on October 19, 1926, and was signed by him on November 29, 1926. The judgment was rendered on September 24, 1926, and the common-law record shows that 60 days were allowed for the filing of a bill of exceptions. In the purported bill of exceptions there is a statement that 90 days were allowed for the filing of the bill of exceptions. If it was not filed with the clerk of the circuit court until February 15, 1927, it is not properly a part of the record. *Zbinden v. DeMoulin,* 243 Ill. App. 509. In the state of the record there is no issue for this court to try and the appeal is dismissed at appellant's costs.

*Appeal dismissed.*