### Bernhard Loeff v. William Taussig et al.

1. BILLS OF EXCEPTION—*Time for Filing May be Extended by the Court upon Stipulation of the Parties.*—The time for filing a bill of exceptions may be extended by the court upon stipulation of the parties to that effect and the same may be signed and filed *nunc pro tunc* after the time originally fixed has expired.

2. PRACTICE—*Signing a Bill of Exceptions by Consent of the Parties After the Time Has Expired.*—The parties, at a subsequent term and after the time limited for filing a bill of exceptions has expired, may by consent re-invest the court with jurisdiction to settle and sign the bill.

3. PROMISSORY NOTES—*A Party Who Places His Name on the Back of a Promissory Note May Show by Parol What Liability He Intended to Assume.*—When a person other than the payee of a promissory note, places his name across the back of such note, he may show by parol what liability he intended to assume.

4. SAME—*Extension of Time, When It Discharges a Guarantor.*—An extension of time for the payment of a promissory note by agreement between the payee and the maker for a definite time and for a good consideration, without the consent of a guarantor and in such a manner as to bind the parties, discharges such guarantor.

Assumpsit, on a promissory note. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed June 5, 1902.

Loeff v. Taussig.

MORRIS LOEFF, attorney for appellant.

ROBERTS, ROBERTS & OWENS, attorneys for appellees.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment for $195.11, rendered by the Superior Court, May 13, 1901, in favor of appellees and against appellant. A motion was made by appellees to strike the bill of exceptions from the files, which was reserved till the hearing. An appeal was allowed at the time the judgment was rendered, on the appellant filing bond and bill of exceptions within thirty days. The time to file bill of exceptions was extended from time to time, the last extension expiring August 15, 1901. The bill of exceptions was signed August 17, 1901. It appears from an additional transcript filed in the cause, that April 15, 1902, at the April term of the court, the court made the following order:

"This cause coming on to be heard on the application of the defendant, Bernhard Loeff, by his attorney, Morris Loeff, for the entry of an order finding Judge Axel Chytraus, before whom said cause was tried, had proper authority and jurisdiction to sign the bill of exceptions heretofore filed in said cause, on the date the same were signed by him, to wit, August 17, A. D. 1901, and to enter an order *nunc pro tunc*, as of August 15, A. D. 1901, extending the time for presenting and filing said bill of exceptions to and including the 17th day of August, A. D. 1901, and the said parties being now before the court by their respective attorneys, R. L. Roberts for plaintiffs, and Morris Loeff for defendant, Bernhard Loeff, and the court having read the affidavits of Morris Loeff and Alanson C. Noble, in support of said application, and having heard testimony and the arguments of said attorneys for said respective parties, and having heard read the affidavit of Roscoe L. Roberts, and being fully advised in the premises, the court finds that Judge Axel Chytraus, before whom the said cause was tried, had proper authority and jurisdiction to sign the said bill of exceptions on the 17th of August, A. D. 1901; that at the time the said bill of exceptions was presented to the said Judge Axel Chytraus, a waiver in writing and signed by the attorneys for said plaintiffs, was delivered to the

said judge, wherein said attorneys waived the time of sign-
ing said bill of exceptions, and by which written waiver
the said Judge Axel Chytraus had proper and full authority
and jurisdiction to sign said bill of exceptions on, to wit,
the 17th day of August, A. D. 1901. And the court, being
further fully advised in the premises, finds that prior to the
expiration of the time extended to file the bill of exceptions
in said cause, to wit, August 15, A. D. 1901, it was stipu-
lated and agreed by and between the parties in said cause
by their respective attorneys, R. L. Roberts for plaintiff,
and Morris Loeff for defendant, Bernhard Loeff, that the
time for signing said bill of exceptions should be extended
from day to day until such time as said Judge Axel Chy-
traus could be found at his chambers or sitting in court;
that prior to the expiration of such time and subsequent
thereto, it was agreed between the parties, that the court
should have, and was given, and did have full and proper
authority and jurisdiction to sign said bill of exceptions on
the said date, to wit, August 17, A. D. 1901; that said
notice and waiver alleged to have been lost is now found,
and is a part of the files herein.

"It is therefore ordered, that an order be, and the same
is hereby entered *nunc pro tunc*, as of August 15, A. D.
1901, extending the time for signing and filing a bill of ex-
ceptions herein to and including August 17, A. D. 1901,
and the record herein is hereby amended in this behalf."

The following appears in the bill of exceptions in the
additional transcript:

" State of Illinois, ⎱ ss.
    Cook County.       ⎰

        In the Superior Court of Cook County.
Taussig & Wedles ⎫
      v.           ⎬
Bernhard Loeff.   ⎭
To Roberts & Roberts,
        Attorneys for said plaintiffs:

You are hereby notified that on Saturday, the 17th day
of August, A. D. 1901, or as soon thereafter as counsel can
be heard, I shall before his Honor, Judge Chytraus, in the
room usually occupied by him as a court room, or in his
chambers, in said county, submit the bill of exceptions in
the above entitled cause, and, in the absence or the inability
to find Judge Chytraus, I will appear before the Honorable
Judge Kavanagh, and will ask that the court enter an order

for extending the time of the filing of the said bill of exceptions, at which time and place you can appear if you see fit.

Dated Aug. 13th, 1901.

MORRIS LOEFF,<br>Attorney for defendant."

" We hereby accept service of the above notice, and time of signing bill of exceptions hereby waived.

ROBERTS, ROBERTS & OWENS,<br>Attorneys for plaintiffs."

The document is indorsed:  " Filed this 17th day of August, A. D. 1901.

JOHN A. LINN, Clerk."

It is not denied, but, on the contrary, is admitted, that Roscoe L. Roberts, one of appellees' attorneys, signed the above waiver, and it appears from the bill of exceptions that the notice and accompanying waiver were presented to the judge in open court, when he signed the bill of exceptions.  The language " time of signing bill of exceptions hereby waived," is equivalent to consent that the judge might, within a reasonable time, sign the bill of exceptions, even though such time should be after the expiration of the time limited by the last order of extension.  If appellees' attorney had appeared in court August 17th, and had stated to the court that appellees waived the time of signing the bill of exceptions, the court would, as we think, have been warranted in then signing the bill, ordering it filed, and entering an order that it was signed and filed by agreement of the parties.  The filing and presenting to the court the written waiver of time, had the same effect as a statement by appellees' attorney in open court.

In Hawes v. The People, 129 Ill. 128, the court held that the parties, at a subsequent term, and after the time limited for the filing of a bill of exceptions had expired, can by consent, re-invest the court with jurisdiction to settle and sign a bill of exceptions.  The court say:

" Whatever may have been the power of the court in the premises in the absence of a stipulation, we can not doubt that such power was given by the express consent of the parties themselves.  The records of a court are not so far

closed at the end of the term that the parties may not appear at a subsequent term, and, by agreement, authorize the court to open them and take further proceedings. Can it be doubted, for example, that where a judgment is entered by default at one term, the parties may appear at a subsequent term, and by stipulation authorize the court to set the judgment aside and give leave to the defendant to defend? Or can it be doubted that where a decree of foreclosure is entered at one term, the parties may appear at a subsequent term, and by their agreement authorize the court to vacate the decree and enter a new decree for a larger or smaller sum, or permit the whole case to be re-litigated? We see no reason, either in law or in public policy, why any proceeding, however final or conclusive, where the rights of no third party have intervened, may not be opened by the court, where all the parties so agree, *and the court be thus re-invested with jurisdiction to take further proceedings therein.* So in this case, if all proceedings in relation to obtaining a bill of exceptions were to be regarded as closed at the expiration of the time limited by the court at the preceding term, the parties had clearly the power and the right, by agreement, to open them, and thus invest the court with power by an order entered in pursuance of their stipulation, to extend the time by granting a further period for filing the bill of exceptions."

The motion to strike the bill of exceptions from the files will be overruled.

The suit was on four promissory notes made by one A. Fisher, three for $100 each and one for $40, all payable to appellees. Each note was indorsed "Bernard Loeff." Loeff, the appellant, was sued as guarantor of the notes. Appellant, having been called and sworn as a witness for himself, the following occurred in his examination:

"Q. State when and where and under what circumstances you signed these notes which I now hand you (handing witness notes) and at what date? A. Well, I indorsed these notes at my house; they were brought up to my house.

Q. What was the understanding at the time you indorsed those notes?

Mr. Roberts: I object.

The Court: Sustained.

Counsel for defendant: I take an exception.

Q. What was the conversation if at any time you indorsed these notes?

The Court: Sustained.

To which ruling counsel for defendant then and there duly excepted.

Counsel for defendant: Now, your honor, we want to prove what the notes were for, and that the defendant in this case is not a guarantor; that is what I am trying to prove by this witness.

The Court: Save your point.

To which ruling of the court, counsel for defendant then and there duly excepted."

It was clearly competent for the defendant, appellant here, to prove that his liability, if any, was other than as a guarantor. When a person, who is not the payee of a promissory note, but a third party, places his name across the back thereof, it may be shown by parol evidence what liability was intended to be assumed. Kingsland v. Koeppe, 137 Ill. 344, 346; Hately v. Pike, 162 Ill. 241, 249.

It was error to exclude the evidence.

The attorney for appellees offered to prove that the payees of the notes, for a consideration, extended the time of payment without appellant's consent. The law is that if such an extension is made by agreement between the payee and the maker, for a definite time, and for a good consideration, without the guarantor's consent, and in such manner as to bind the parties, it discharges the guarantor. Brandt on Suretyship and Guaranty, Sec. 344; Gardner v. Watson, 13 Ill. 347.

In the present case we can not say that the offer of proof of such agreement was sufficiently definite.

The judgment will be reversed and the cause remanded.