## George Trumbull Woodbury, Appellant, v. Continental Casualty Company, Appellee.

### Gen. No. 21,801.

1. Appeal and error, § 839*—*when time of filing of bill of exceptions to be determined by the record.* The time at which the bill of exceptions was filed must be determined by the record, and resort cannot be had to statements of counsel or affidavits.

2. Appeal and error, § 846*—*what proper practice at common law as to date of signing and sealing bill of exceptions.* The proper practice at common law and under earlier Illinois practice was to insert, as the date of the signing and sealing of a bill of exceptions, the date of the trial or the time when the exceptions were actually taken.

3. Appeal and error, § 846*—*when date of signing of bill of exceptions fictitious.* According to the practice obtaining in Illinois, the date upon which a bill of exceptions is recited to have been signed is ordinarily and usually fictitious.

4. Appeal and error, § 846*—*when face of bill of exceptions shows it not to have been signed on presentation.* Face of bill of exceptions examined and *held* to show that it was not signed at the time when it was presented.

5. Appeal and error, § 846*—*when face of record shows bill of*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*exceptions to have been signed on day of filing.* Matters appearing of record examined and *held* to show that the bill of exceptions was not signed on the date' inserted therein, but that it was actually signed on the day it was filed.

6. APPEAL AND ERROR, § 846*—*when recitation in bill of exceptions as to date of signing not conclusive.* The recitation in a bill of exceptions as to the date of its signing is not conclusive, but the date may be determined by an examination of the face of the record.

7. APPEAL AND ERROR, § 846*—*what proper practice as to dating bill of exceptions.* The proper practice is that a bill of exceptions should recite the actual date on which it is signed.

8. APPEAL· AND ERROR, § 846*—*when bill of exceptions signed in apt time.* Where a bill of exceptions, presented within the time allowed, is signed three days after the date to which the time of filing has been extended by order of court entered on stipulation of counsel, it is signed in apt time.

Appeal from the Circuit Court of Cook county; the Hon. LOCK-WOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Motion to strike bill of exceptions denied. Opinion filed April 12, 1916.

FREDERICK A. BROWN and RAYMOND S. PRUITT, for appellant; JOHN G. MCDONALD, of counsel.

M. P. CORNELIUS and GEORGE R. SANDERSON, for appellee; MANTON MAVERICK, of counsel.

MR. JUSTICE GOODWIN delivered the opinion of the court.

Appellee filed herein. its motion to strike the bill of exceptions from the record for the reason, among others, that it was not filed with the clerk of the Circuit Court within a reasonable time after it had been signed by the trial judge. The state of the instrument discloses the usual recitation with reference to its presentation and request that it be signed, etc., ending with the words, "which is accordingly done this, the 1st day of July, A. D. 1915. Lockwood Honore, Judge. (Seal)." The words "1st," "July," and "Lockwood Honore," are written in ink. Below the signature ap-

pears the following typewritten statement: "I HERE-BY CERTIFY that the foregoing bill of exceptions was presented to me this 1st day of July, A. D. 1915, to be signed and sealed. L. Honore, Judge. (Seal)." The signature "L. Honore" is in lead pencil. To the left, and below, is written in ink, "O. K., M. P. Cornelius, Atty. Cont. Cas. Co." It is marked by the clerk "Filed *nunc pro tunc* as of July 1st, 1915, Jul. 13, 10:14 A. M. 1915, John W. Rainey, Clerk." The following order was entered July 13th:

"And it appearing to the court, on good cause shown, and that the bill of exceptions in the cause before entitled was presented and so marked in open court July 1, 1915, within the time fixed by the court for filing said bill, on motion of Brown & Pruitt, attorneys for the plaintiff, it is hereby ordered that the said bill of exceptions signed and dated July 1, 1915, be filed *nunc pro tunc* as of the same day, to wit, July 1, 1915. Enter: L. Honore, Judge."

Counsel for appellant contend that the bill of exceptions was not signed on July 1st, but on July 13th, the date it was actually filed. Counsel for appellee, without denying this to be the fact, assert that the matter must be determined by the record, and that resort cannot be had to statements of counsel or affidavits. We are of the opinion that the contention of appellee in this regard must be sustained. Counsel for appellee base their proposition that the record was not filed within a reasonable time on their contention that the record shows that the bill of exceptions was signed on July 1, 1915, and that it was not filed until thirteen days thereafter. The first question necessary to be examined, therefore, is whether the recitation in the bill of exceptions itself, "which is accordingly done this the 1st day of July, A. D. 1915," determines the actual date of the signing. The practice at common law and the early practice in this State was to insert, as the date of the signing and sealing, the date of the trial or the time when the exceptions were actually taken.

That this is the proper practice is shown by the case of *Evans v. Fisher*, 5 Gilm. (10 Ill.) 453, citing *Walton v. United States*, 9 Wheat. (U. S.) 651; *Ex parte Bradstreet*, 4 Pet. (U. S.) 107; and *Law v. Merrills*, 6 Wend. (N. Y.) 268. In *Wabash, St. L. & P. Ry. Co. v. People*, 106 Ill. 652, it is said that in all cases it should appear on its face to have been taken and signed at the trial. In *T. E. Hill Co. v. United States Fidelity & Guaranty Co.*, 250 Ill. 242, Mr. Justice Carter, speaking for the court, after referring to the usual practice of dating the bill of exceptions as of the date of the judgment, said, p. 246:

"As a matter of proper practice the judge should have dated it, after signing, as of the date when it was presented, and an order should have been procured filing it as of that date."

From these authorities it is plain that the date upon which a bill of exceptions is recited to have been signed is ordinarily and usually fictitious. There are cases, however, where the date is very obviously and conclusively the date of the actual filing, as, for instance, where it is neither the date at which the exceptions were taken, nor the date upon which the bill of exceptions was presented, but a date subsequent to the time limited for presenting the bill of exceptions. In such a case there is, of course, no reason for the insertion of the date selected, except the fact that it was the date upon which the bill was actually signed. This may be illustrated by the case of *Illinois Improvement & Ballast Co. v. Heinsen*, 271 Ill. 23, where the judgment was entered April 5, 1913, the bill of exceptions presented June 23, 1913, the time for presenting expired August 15, 1913, and it appeared to have been signed September 27, 1913. It is obvious that there could have been no reason for selecting that date except the fact that it was the date upon which the bill was signed.

The question arises, then, as to whether in the case at bar the recitation in the bill of exceptions so con-

clusively fixes the date of the signing as to justify the court in striking it from the files upon the theory that it was actually signed upon that date, and that in consequence, the filing July 15th was not within a reasonable time. Counsel for appellee, in support of their contention that July 1st was the date upon which the bill of exceptions was actually signed, suggest that it is not customary for a judge to give more than a formal examination to a bill of exceptions where it is O. K'd by the parties. He therefore concludes that as this bill now appears to have been O. K'd by the appellee, we are to assume that it was signed upon the date it was actually presented upon the faith of appellee's certification to its correctness. We think, however, that the face of the bill of exceptions itself shows unmistakable evidence that the bill of exceptions was not signed on the date it was presented, and that appellant's counsel did not expect it to be signed on that date. It will be noted that in the certificate reciting that the bill of exceptions was presented to the trial judge for signature the 1st day of July, the date is typewritten, while in the case of the recitation with reference to signing and sealing, the date is filled in with ink. The signature to the former was in lead pencil; to the latter it was in ink. Had the bill been O. K'd at the time it was presented to the trial judge, there would obviously have been no reason for a certificate that it was presented July 1st, for it would in ordinary course have been signed and sealed at once upon the faith of counsel's O. K. The signing of the certificate, in our opinion, is inconsistent with the theory that there was an O. K. upon the bill at the time it was presented, and indicated clearly an intention upon the part of the court to postpone the signing and sealing of the bill until a later date. The cases of *Illinois Improvement & Ballast Co. v. Heinsen, supra,* and *Hall v. Royal Neighbors,* 231 Ill. 185, are clearly distinguishable from the case at bar, in that the rec-

ord in each of those cases showed, and it was not disputed that it did show, the actual date of the signing. It may be noted also that in the *Heinsen* case, *supra*, the bill of exceptions was not signed until forty-three days after the time for presenting it had expired, and was not filed until twenty-one days thereafter.

In the case at bar, even the date of the filing was within three days from the expiration of the time allowed for the bill of exceptions, and thirteen days from the date of its presentation. It seems obvious that the insertion in the bill of exceptions of the date of presentation was due to the statement of Mr. Justice Carter in *T. E. Hill Co. v. United States Fidelity & Guaranty Co., supra,* quoted above, to the effect that it should be signed "as of the date when it was presented, and an order should have been procured filing it as of that date."

We are clearly of the opinion that the matters appearing of record demonstrate that the bill of exceptions was not signed on the date inserted therein, but that, on the contrary, the state of the record clearly indicates that the bill of exceptions was actually signed on the day it was filed, and that in dating it as of the date when it was presented, counsel followed the suggestion of the court in the *Hill* case, *supra*. While this practice avoids the apparent inconsistency which arises when a bill of exceptions is filed as of the date when it is presented, but recites on its face that it was signed and sealed at a later date, yet, in view of the question which has arisen here as the result of following the practice of reciting the date of its presentation as the date when it was signed, we venture the suggestion that similar difficulties may be avoided by reciting the actual date of the signing—a practice which has been repeatedly approved by our Supreme Court.

Appellee's contention that the bill of exceptions was not signed in apt time is also without merit, in view of the stipulation signed by its attorney "that the

time for filing the bill of exceptions in the cause above entitled be again extended to the 19th day of July, A. D. 1915,'' and the order of court entered thereon. The law is very clear that such a stipulation empowers the court to extend the time for presenting a bill of exceptions, even where it is entered into after the time has expired. (*Hawes v. People,* 129 Ill. 123; *Loeff v. Taussig,* 102 Ill. App. 398.)

In *Evans v. Fisher, supra,* the court went so far as to recognize an oral agreement by the parties in regard to the settlement of a bill of exceptions after the term had expired, and no order had been entered, although the making of the agreement itself was disputed.

For the reasons above given we are of the opinion that the bill of exceptions in this case was presented and filed in apt time. The motion will, therefore, be denied.

*Motion denied.*