M. STOLL et al. v. UNITED STATES FIDELITY & GUARANTY CO.

Western Section. July 3, 1929.

Petition for Certiorari denied by Supreme Court, March 3, 1930.

540

A. E. Horn and Canada, Williams & Russell, all of Memphis, for appellant.

Wm. M. Hall, Wm. G. Hall and Charles L. Neely, all of Memphis, for appellee.

HEISKELL, J.—This is a suit on a bond executed by the defendant, as surety. The Chancellor rendered a decree in favor of the complainants for $5,000, the amount of the bond and costs.

The case is here on a writ of error, with supersedeas.

On October 25, 1921, complainants filed a voluntary petition in bankruptcy in the United States District Court, in Mississippi, and in connection therewith, made an offer of composition.

On February 18, 1922, the offer of composition was duly confirmed by the District Judge, and an order to that effect entered.

On March 18, 1922, certain creditors of the bankrupts filed a petition in said bankruptcy cause, to set aside the order confirming the composition. This petition also prayed for the appointment of a receiver of the bankrupts' property pending the hearing of the petition.

As a condition of appointing a receiver pending the hearing on the petition to vacate the order of confirmation, the District Judge required the creditors to file the bond sued on in this case. The condition of said bond is:

"Now, therefore, the condition of the above obligation is such that if the said principals and surety shall in the event of said petition being dismissed, pay to said M. Stoll and M. Stoll & Son as aforesaid bankrupts, all costs, expenses and damages occasioned by such taking, seizing and detention of the property of the said alleged bankrupts then the above obligation to be void, otherwise to be and remain in full force and effect."

The receivers immediately took charge of all of the bankrupts' property, consisting of a stock of merchandise at Clarksdale, Mississippi, and a stock of merchandise at Greenville, Mississippi, and remained in possession until the District Judge in September, 1922, rendered a decision dismissing the petition. While this decision was made in September, 1922, and acted on by the receivers, for some

reason the order was not entered until October 2, 1926. The order dismissed the said petition and also contained a reference to a special Master, whose name was left blank, to ascertain and report the damages sustained by the bankrupt on account of the appointment of the receivers.

The present bill was filed March 1, 1927. The Chancellor found that the complainants sustained damages in excess of the penalty of the bond and granted a decree for the full amount.

Defendant's assignments of error set up two contentions: 1. The bankruptcy proceeding in Mississippi amounted to a former suit pending. 2. The decree in that court dismissing the petition upon which the present suit is based was not a final decree and therefore a suit could not be maintained on the bond. In other words, the contention is (1) that the effect of the order of reference in the decree dismissing the petition to vacate the order of confirmation is, that the reference is a "former suit pending," and (2) that the effect of such reference is to make the decree dismissing said petition not a final decree.

The defense of former suit pending was not pleaded in answer or otherwise, and therefore, cannot avail the defendant. It cannot be set up for the first time in this court. Gibson, Suits in Chancery, Sec. 328; Shannon's Code, Sec. 6128, Note. 1; Walker v. Vandiver, 133 Tenn. 423; Turley v. Turley, 85 Tenn. 251, at p. 261.

If pleaded in the present case it would not have been effective;
"The pendency of a suit in another state, or in a United States Court, sitting in this State, cannot be pleaded in abatement, or in bar, to a suit in our own state between the same parties upon the same matter. Gibson, Suits in Chancery, Sec. 328; Lockwood v. Nye, 2 Swan, 515; Cunningham v. Campbell, 3 Cooper's Chancery, 491; 1 Ruling Case Law, page 18, Sec. 7, page 15, Sec. 6."

Besides, upon sustaining a plea of former suit pending the rule is to allow the complainant to dismiss one of the suits. Walker v. Vandiver, 133 Tenn. 423; Gibson's Ch., Sec. 328.

Then it is contended for defendant that the condition of the bond was to pay damages in the event of the petition to vacate the order confirming the composition being dismissed, and that this means a dismissal by a final decree and that the dismissal in the Mississippi bankrupt court was not a final decree because of the reference to ascertain damages sustained.

No case is cited presenting the exact facts of the present suit, but an injunction suit seems to afford a clear analogy, and in such cases it is held in the Federal court, that a decree dismissing a bill is a final decree, even though it contains an order of reference to as-

542

certain the defendant's damages caused by the temporary injunction.

In the case of West v. East Coast Cedar Co. (4 C. C. A. 1092), 113 Fed., 742, the court held that a decree dismissing a bill and dissolving an injunction was final, even though it contained an order of reference to ascertain the defendant's damages caused by the preliminary injunction. In this case the court said:

"If it had stopped at the dismissal of the bill, of course it would have been final. But continuing, the court below ordered a reference to inquire and report what damages, if any, defendant had suffered.—In the case at bar the order relating to the injunction bond, and damages thereunder, cannot be said to be within the pleadings. It is ordered simply in execution of the decree. —We are of the opinion that this decree, under this case, is final."

The decision in the above case was based on a dictum of the Supreme Court of the United States, in the case of McGourkey v. Railroad Co., 146 U. S. 545, 36 L. Ed., 1076, as follows:

"But even if an accounting be ordered taken, if such accounting be not asked for in the bill, and be ordered simply in execution of the decree, and such decree be final as to all matters within the pleadings, it will still be regarded as final."

A similar case is that of Mica v. Commercial Mica Co. (1907), 157 Fed., 92. The third paragraph of the syllabus is as follows:

"A decree dismissing a bill for want of equity, dissolving a preliminary injunction previously granted and awarding damages to defendant for its wrongful issuance, is final, and may be appealed from, notwithstanding the fact that it directs a reference to ascertain the amount of such damages, which relates to a matter not within the issues."

Other cases to the same effect are: Montgomery Light & Water Power Co. v. Montgomery Traction Co., 219 Fed., 963. The fourth paragraph of the syllabus is as follows:

"A decree for specific performance of a contract by which complainant agreed to furnish defendant with electric power to operate its streets cars for a term of years, to be paid for by defendant monthly, and also finding the amount due thereunder to the date of the decree and awarding execution therefor, is a final decree, from which an appeal lies, and is not rendered interlocutory by the fact that the cause is retained for the purpose of enforcing payment of such other sums as may become due under the contract, which provision is merely in aid of the execution of the decree for specific performance." See also Osage Oil & Refining Co. v. Haller (2 C. C. A. 1922), 280 Fed., 693.

It therefore seems to be settled in the Federal court, that if the reference does not relate to a matter embraced within the original bill, then a decree dismissing the bill is final.

In Leslie v. Brown (6 C. C. A. 98), 90 Fed., 971, supra, Taft, then Circuit Judge, refers to the reference as "an ancillary proceeding."

It, therefore, seems clear that under Federal equity practice a decree dismissing a bill is final, even though it contains a reference to ascertain the defendant's damages under an injunction bond. In reaching this conclusion the courts have said that the principle is that a reference on a matter not embraced in the bill, does not keep a decree dismissing the bill from being a final decree.

There seems also to be another principle of Federal equity practice which would make this decree final. The Federal cases hold that if a decree settles the title to property and directs one party to deliver it to another immediately, it is a final decree. In this case the receivers were directed forthwith to deliver the two stocks of merchandise to the bankrupts, and they did so. That receivership was, therefore, then and there ended. It could not have been continued unless the District Judge had seen fit pending an appeal (if an appeal had been taken) to continue the receivership. See Hill v. U. S. F. & G. Co. (1914), 265 Ill. 534, 170 N. E. 194, 33 A. B. R., 781, where the court said:

"The receivership matter being an ancillary proceeding entirely separate and distinct from the bankruptcy proceeding, it rested within the discretion of the district court to discharge the receiver, or continue the receivership upon the appeal to the circuit court of appeals."

In the case of Dean v. Nelson, 74 U. S. 342, 19 L. Ed., 94, the court said:

"When the decree decides the right to the property in contest, and directs it to be delivered up by the defendant to the complainant, or directs it to be sold, or directs the defendant to pay a certain sum of money to the complainant, and the complainant is entitled to have such decree carried immediately into execution, the decree must be regarded as a final one to that extent, and authorizes an appeal to this court, although so much of the bill is retained in the circuit court as is necesary for the purpose of adjusting by further decree the accounts between the parties pursuant to the decree passed."

There seems to be no question but what under our state practice this decree would have been final. Macheca v. Panesi, 72 Tenn., 544.

In Macheca v. Panesi, supra, goods were attached by bill in the chancery court. The attachment bill was dismissed and an order of

reference was made to ascertain the defendant's damages. The court said:

"The goods of Panesi were attached. On the hearing the Chancellor dismissed the attachment bill as to Panesi. There was no appeal from the decree. On motion of Panesi, an order of reference was made to ascertain the damages to him because of the attachment.

"On the coming in of the report of the Clerk and Master, exceptions were filed by complainants in the original bill, which, being overruled, they have appealed to this court.

"The decree dismissing the bill was final. Panesi, by his motion, became the actor or plaintiff. The motion is an independent suit, and is a substitute for an action at law upon the attachment bond. The proceedings under it are distinct from the original cause, though growing out of it. The party complaining has his election to proceed, either by motion before the court that passed upon the original cause, or by suit at law upon the bond.

"An appeal from the judgment or decree in either case will not bring up to this court, for its revision, the judgment or decree in the original cause."

The cases cited and relied on by counsel for defendant are distinguishable from those cited above. They are cases where a complete decree could not be rendered as between the original parties to the pleading until the reference was executed. They are not cases where the defendant becomes the plaintiff in the reference and proceeds against a new party, the surety on the bond, and where he has the option to take the reference or bring a separate suit in another court if he sees fit, on the subject-matter of the reference. If for instance, the receivers in this case had been parties who without bond had taken possession of the property of the Stolls and the Stolls had sued and the court had held the defendants liable, but they had sold the property and a reference had been ordered to ascertain the amount for which a decree should be entered, no final decree could go down until the amount could be ascertained and of course the decree could not be final until after the reference. This is the type of cases cited for defendant. This is shown by the language quoted from Steel & Tube Co. v. Dingess, 3 Fed. (2d) 805: "Where after determining the liability of a defendant, there is a reference to a special Master to ascertain the amount, the case is not appealable until his report is made and final decree entered." And so in Ex rel. Phillips v. Bailey, 22 Fed. (2d) 716, the court first settled the question of liability, then ordered a reference to ascertain the amount for which a decree should be rendered. There can, in such cases, be no final decree until the amount is ascertained for which the de-

cree shall be drawn. If the court held a complainant entitled to a partition and ordered a reference to ascertain whether there should be a partition in kind or a sale for partition, no final decree could go down until the report came in. These are entirely different cases from the type under consideration in the present case, where the decree dismissing the petition is complete and final in and of itself, and the defendant then becomes the plaintiff and proceeds against a new party, the surety on the bond, either by a reference in that suit or by another suit. This cannot prevent the decree dismissing the petition from being final as to the petitioners, nor prevent them from taking any steps provided for reviewing that decree.

There is more force in the contention that the pending reference is a former suit pending, the parties and purpose being just the same as a separate suit on the bond. Defendant fails to show any authority which supports its right to set up the defense of former suit pending, for the first time in this court. The absence of such right is made most emphatic by the consideration that if the defense had been set up in due time and held good, the plaintiff would have been allowed to dismiss the first proceeding and recover in the present case.

All assignments of error are overruled and the decree of the court below is affirmed. A decree will go in this court against the defendant and surety on appeal bond for the decree with interest and for costs of the appeal.

Owen and Senter, JJ., concur.