The STATE BOARD OF EXAMINERS FOR ARCHITECTS AND ENGINEERS, Plaintiff-Appellant,

v.

Bernard L. WEINSTEIN, Defendant-Appellee.

No. 81–416–II.

Court of Appeals of Tennessee, Middle Section.

June 22, 1982.

Permission to Appeal Denied by Supreme Court Sept. 7, 1982.

Kathryn Behm Celauro, Asst. Atty. Gen., Nashville, for plaintiff-appellant.

Harris A. Gilbert, Barksdale, Whalley, Gilbert, Frank & Milom, Nashville, for defendant-appellee.

## OPINION

CONNER, Judge.

This is an appeal from the chancellor's decision overturning disciplinary action taken by The State Board of Examiners for Architects and Engineers (hereafter the Board), against Bernard Weinstein, the defendant-appellee,[1] because he had been found guilty in federal court of violating income tax laws.

Mr. Weinstein was convicted in the United States District Court for the Middle District of Tennessee of a violation of 26 U.S.C. 7206(1).[2] He was sentenced to one year and one day under a plea agreement. But execution of this sentence was suspended, and the defendant was placed on probation by the federal judge.

Thereafter, the Board filed a charge against Mr. Weinstein seeking to revoke or suspend his license based upon his federal court conviction. At a subsequent hearing the Board determined that he had engaged in misconduct in the practice of architecture in violation of T.C.A. § 62–2–308(a)(1)(B), (E)[3] and Rule 0120–2–.07(3)(a)[4] of the State Board of Examiners for Architects and Engineers. Defendant was placed on nine months probation, to run concurrently with his federal sentence.

Mr. Weinstein properly appealed the Board's decision to Davidson County Chancery Court pursuant to the Uniform Administrative Procedures Act, T.C.A. § 4–5–101 et seq. He cited seven grounds for reversal, the dispositive one in the view of the chancellor and this court being: a conviction in a federal district court does not fall within the scope of the rule. The chancellor held:

> The federal court is not a court "of" this state or "in" this state. *Cockburn v. Howard Johnson, Inc.,* 215 Tenn. 256, 385 S.W.2d 101 (1964).

> Neither the Board rule nor the statute include a federal conviction within its scope. The Board has erroneously interpreted its rules to include "or federal courts." The Board rule covers felony convictions rendered by courts of any of the fifty states but it does not include a federal conviction.

> For this reason the Board's decision must be reversed.

The Board appeals contending that the regulation in question was broad enough to encompass the disciplinary action taken against Mr. Weinstein. Since we must respectfully disagree with the state's position in this regard we find it unnecessary to consider various other questions raised by the parties at trial and herein.

It is the state's contention that since administrative agencies have broad discretion in the interpretation of their own rules and that the interpretation by the Board of its own rule should be given great deference, if not deemed conclusive. In our view even giving "great deference" to the Board's interpretation herein its position is untenable.

1. Hereinafter the parties will be referred to as in the trial court or by their names, as abbreviated.

2. *Fraud and false statements*
Any person who—
(1) *Declaration under penalties of perjury.—* Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter;

3. *Revocation of certificate—Reissuance.—* (a)(1) The board may refuse to issue or renew, and revoke or suspend the certificate of registration of any architect or engineer registered hereunder who is found guilty:

(B) Of gross negligence, incompetency, or misconduct in the practice of architecture or engineering;

(E) Of any violation of the rules adopted by the board.

4. 

(3) A registrant may be deemed by the Board to be guilty of misconduct in his professional practice if:
(a) he is convicted in a court of competent jurisdiction of this or any other state of a felony;

The rule passed by the board plainly states that an architect may be guilty of professional misconduct if convicted of a felony in a court of this state or of any other state. A federal court is not, by definition, and cannot be a court "of this state or any other state" for purposes of this rule or otherwise. As pointed out by the chancellor, convictions from federal courts were clearly not included by this rule. When the plain language of the rule says one thing, the Board cannot substitute some other interpretation to serve as the guidepost. We do not, in hindsight, question that the Board meant to include federal court felony convictions as prohibited conduct. However, that intent does not measure up when compared with the written language. What the Board may have intended in framing the regulation is simply not sufficient to justify punishment when there is conflict in the express pronouncements of the rule and the subsequently stated intention. The regulation of any business or profession is a very serious thing with far reaching consequences to the concerns and individuals involved. We believe the engineers and architects, as well as their attorneys and advisors, here regulated have the right to rely on the plain, literal and unambiguous language used in the rules which govern their conduct.

We further believe the case law is supportive of our interpretation. In *Cockburn v. Howard Johnson, Inc.,* 215 Tenn. 254, 385 S.W.2d 101 (1964), it was specifically held that a United States District Court was not a court "in" this state. There the plaintiff had filed suit in the United States District Court of the Eastern District of Tennessee. While that action was pending, plaintiff filed suit in a Tennessee state court against similar defendants on the same subject matter. The proposition of law there in question was that if a former suit was filed in a court *in this state* having jurisdiction of the subject matter, then the state court action would have to be abated. The state court held that the federal court was not a court *in this state:*

In these two suits the United States District Court and the State Court had jurisdiction of the parties and the subject matter, which were the same in both courts, and the identical objective was sought in both suits. Such being the case the decision here is whether a United States District Court, located in Tennessee, is a "court in this state" as such phrase is used in the above enunciated rule of law.

In the case of *Stoll v. United States F. & G. Company,* 10 Tenn.App. 539, the Court said:

"The pendency of a suit in another state, or in a United States Court, sitting in this state, cannot be pleaded in abatement, or in bar, to a suit in our own state between the same parties upon the same matter." 10 Tenn.App. 539.

The reason supporting the holding in the Stoll case is based on the fact state and federal courts, though located in Tennessee, exist jurisprudentially on separate planes and derive their power from different sovereignties. See *Hubbs v. Nichols,* 201 Tenn. 304, 298 S.W.2d 801 (1956). *Id.* at 257, 385 S.W.2d at 102.

A review of Tennessee statutes regarding the regulation of other professions reveals the legislature has usually spoken with some specificity concerning when and in what jurisdiction the commission of a felony is ground for disciplinary action. With respect to accountants, the statute sets forth precisely as grounds for license revocation or other sanctions—"[c]onviction of a felony or any other crime, an element of which is dishonesty or fraud under the laws of any state *or the United States.*" T.C.A. § 62–1–107(a)(5).[5] The same is true with

---

5. *Disciplinary powers of board—Notice and hearing—Reinstatement procedures.*—(a) After notice and hearing, if a hearing is requested, as provided in this section and pursuant to the requirements of the Uniform Administrative Procedures Act, title 4, chapter 5, the board shall have the power to revoke or suspend any certificate, license or registration issued under this chapter; or to refuse to renew any license or certificate under this chapter; or to censure the holder of any certificate or license for any one or combination of the following causes:

respect to real estate brokers, T.C.A. § 62–13–312(b)(13),[6] where the conviction "in a court of competent jurisdiction of this or any other state, *or federal court*" of various listed offenses involving moral turpitude is grounds for license revocation or suspension.

Apparently, the Board itself has realized the inherent defects in the rule as presently constituted. While this cause was pending the Board filed a "Notice of Rule Making Hearing." One of the purposes of the change in the rules would be to:

> 1) make clear that a registrant may be deemed to be guilty of professional misconduct if he is convicted of a felony in a *federal,* as well as a *state,* court;

If the Board's rule were sufficiently clear that a violation of a federal law was grounds for revocation, it would not have been necessary to amend its own rule for clarification. The general proposition as to amendments of statutes is:

> . . . A mere change in phraseology does not indicate a change in construction of the statute; but a material change in the phraseology of a statute is generally regarded as a legislative construction that the law so amended did not originally embrace the amended provisions, and this is particularly true if it follows soon after controversies have arisen as to the interpretation of the original act, and intervention of judicial decisions may be a material element in determining the effect of an amendment.

82 C.J.S. *Statutes* § 384(b) (1953). We see no reason why this same logic would not apply to after-amended rules and regulations imposed pursuant to statute.

* * * * *

(5) Conviction of a felony or any other crime, an element of which is dishonesty or fraud, under the laws of any state or of the United States;

* * * * *

**6.** *Refusal, revocation or suspension by commission.*—. . .

(b) The commission shall have power to refuse a license for cause or to suspend or revoke a license where it has been obtained by false representation, or by fraudulent act or conduct, or where a licensee, in performing or

The state has expressed concern that the import of the chancellor's holding is that the Board did not have the power to promulgate such a rule. We do not read the chancellor's opinion to so hold:

> T.C.A. § 62–228 specifies acts or conduct that are grounds for revoking or suspending an architect's certificate which includes "misconduct." The Board is authorized by T.C.A. § 62–204 to adopt rules not inconsistent with the law. Pursuant to that authority, the Board adopted rule 0 120–2–.07. . . .
>
> Rule making authority does not include the power to create an offense other than those specified in the statute or embodied within its general terms.
>
> However, the Court is of the opinion that "misconduct" would embrace conviction of a felony.
>
> Therefore, the Board did not exceed its authority in enacting the rule.

We too believe that the Board has broad authority under T.C.A. § 62–2–308, *supra,* to make reasonable rules relating to misconduct, and so long as the regulation bears some legitimate relationship to the profession involved, to encompass federal felony convictions. This would certainly be true as to federal offenses involving moral turpitude. We believe the state's fear regarding a limitation on the authority of the Board is not well grounded.

Accordingly, this cause is affirmed and remanded. The costs are taxed to the Board.

AFFIRMED AND REMANDED.

TODD, P. J. (M.S.), and LEWIS, J., concur.

attempting to perform any of the acts mentioned herein, is found guilty of:

* * * * *

(13) Being convicted in a court of competent jurisdiction of this or any other state, or federal court, of forgery, embezzlement, obtaining money under false pretenses, bribery, larceny, extortion, conspiracy to defraud, or any crime or any similar offense or offenses, or pleading guilty or nolo contendere to any such offense or offenses;