## IN THE COURT OF APPEALS OF TENNESSEE
### AT NASHVILLE

**FILED**

**January 14, 1999**

**Cecil W. Crowson
Appellate Court Clerk**

RAYMOND O. HAMPTON,                    )
                                       )
    Plaintiff/Appellant,             )
                                       )      Appeal No.
                                       )      01-A-01-9712-CH-00721
VS.                                    )
                                       )      Davidson Chancery
                                       )      No. 97-2692-I
TENNESSEE TRUCK SALES, INC.            )
and DONALD A. TOMLINSON,               )
                                       )
    Defendants/Appellees.            )

APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR

G. KLINE PRESTON, IV
Washington Square Two
222 Second Avenue North
Suite 416
Nashville, Tennessee 37201
    Attorney for Plaintiff/Appellant

GERALD C. WIGGER
W. CARL SPINING
200 Fourth Avenue, North
Third Floor
P. O. Box 198985
Nashville, Tennessee 37219-8985
    Attorneys for Defendants/Appellees

REVERSED AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
CAIN, J.

## O P I N I O N

The Chancery Court of Davidson County dismissed the plaintiff's bailment action on the ground of res judicata and prior suit pending. We reverse because the record does not include evidence from which we can conclude that the issues in the case had been decided or were pending in the prior case.

## I.

As it stood on the date the chancellor dismissed it, this action was for a breach of a bailment contract against Tennessee Truck Sales, Inc. and its owner, Donald A. Tomlinson. The complaint alleged that the plaintiff bought a truck from Tennessee Truck Sales, Inc. and took it back for some necessary repairs. In a dispute over the responsibility for the repairs, the defendants asserted a common law lien and retained possession of the truck. The plaintiff then sued the defendant Tennessee Truck Sales, Inc. and two parts suppliers for breach of warranty. The complaint goes on to allege:

> 14. Plaintiff avers that on the 12th day of September, 1996, the Court entered an Agreed Order, the terms of which included his dismissal with prejudice of his claims, in an action filed in the Chancery Court of Davidson County, Tennessee, at Nashville, Case No. 96-132-II, which was filed on April 26, 1996, and the Defendants Seal Power Corporation and Federal Mogul Engine Products were to pay to Tennessee Truck Sales, Inc. the sum of four thousand eight hundred dollars ($4,800.00) as payment in full for the indebtedness owed to Tennessee Truck Sales by the Plaintiff, and that Tennessee Truck Sales would return Plaintiff's truck to him in good working condition.
>
> . . .
>
> 21. Plaintiff avers that while the Defendants, Tennessee Truck Sales and Tomlinson, held his truck pursuant to a common law mechanics lien, that they did not care for its condition, and allowed it to be damaged by the weather and other events and elements, while they held it to Plaintiff's exclusion based on a fraudulent mechanics lien.
>
> . . .
>
> 30. The Plaintiff avers that the Defendant's possession of his truck was a bailment and that the

Defendants were responsible for the truck while in their possession.

31.    The Plaintiff avers that the Defendants intentionally breached their duty to protect the Plaintiff's property which resulted in damages to the truck.

32.    The Plaintiff avers that the damages to the truck were a direct and proximate result of the defendants' intentional breach of their duty as bailees.

The defendants filed a motion to dismiss on the grounds of res judicata and former suit pending. The motion included allegations that the order in the former case dismissed the plaintiff's claims against Tennessee Truck Sales, Inc. with prejudice; that on May 2, 1996 the plaintiff moved under Rule 60.02, Tenn. R. Civ. Proc., to set aside the agreed order in the former case; that the trial court had denied the motion and that the plaintiff had appealed the denial to the Court of Appeals. The motion then concluded with these two specific allegations:

9.    The Plaintiff alleges in this action the same matters set forth in the previous action, with the addition of fraud, violation of the Tennessee Consumer Protection Act, and breach of bailment, all of which causes of action arose out of the same transaction as originally sued upon by the Plaintiff;

10.    The instant action and the previous action involve the same parties, with the exception that certain defendants involved in the previous action are not sued in this action and that the Plaintiff added Donald Tomlinson, individually, to this action.

The record in this case does not contain any evidence. The facts alleged in the motion to dismiss are merely that, allegations. But we do have a copy of the Court of Appeals opinion in the former case, which helps to complete the picture. The opinion recites these facts:

Appellant filed a complaint on April 26, 1996 against appellee, along with Sealed Power Corporation and Federal Mogul Engine Products [footnote] for breach of express and implied warranties. The complaint was dismissed by the entry of an agreed order on September 12, 1996 in which Sealed Power and Federal Mogul agreed to pay $2,400.00 each to Tennessee Truck Sales, and Tennessee Truck Sales agreed to accept that sum as

payment in full of the repair bill and to return his truck to him "in good working condition."

Appellant took possession of the repaired truck from Tennessee Truck Sales in September 1996. Seven months later he filed this Rule 60.02 motion to set aside the agreed order, alleging material misrepresentation in the inducement to dismiss his complaint. He complained that when the truck was returned to him it was not in good working condition and had over $7,000.00 in body damages caused while in the exclusive possession and control of appellee.

_____
[Footnote] Sealed Power and Federal Mogul provided the repair parts.

See *Hampton v. Tennessee Truck Sales, Inc.*, No. 01A01-9707-CV-00046 at *1 (Tenn. Ct. App. April 29, 1998). The Court of Appeals affirmed the trial court's refusal to set aside the former judgment. One of the bases for the opinion was expressed in these three paragraphs:

We agree with the trial court that appellant was guilty of laches. This equitable defense involves an inexcusably long delay coupled with injury to the rights of another resulting from the delay. (Citations omitted.)

The appellant admits that he took possession of his truck in September 1996, but says the truck was not returned in good working condition and that

"It had five or six serious oil leaks, the engine was sucking air, one of the heads was seeping, it sounded like it had several cracked injectors, the batteries needed replacing along with flat tires, and [it had] over $7,000.00 in body damages caused while in the exclusive possession and control of [appellee]."

Although the problems with the truck were such that he should have noticed them immediately upon taking possession [footnote] the plaintiff waited seven months to file a motion to set aside the agreed order. After that length of time, the appellant cannot reasonably be expected to prove the condition of the truck when it was delivered to appellant. These circumstances justify the application of the doctrine of laches.

_____
[Footnote] If nothing else, $7,500.00 in body damage would have been readily apparent.

*Id.* at *1 and *2.

## II.

## Res Judicata

The courts draw a distinction between res judicata and collateral estoppel:

> The doctrine of res judicata bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit. Collateral estoppel operates to bar a second suit between the same parties and their privies on a different cause of action only as to issues which were actually litigated and determined in the former suit.

*Goeke v. Woods*, 777 S.W.2d 347, 349 (Tenn. 1989). As this description indicates, collateral estoppel is an issue preclusion doctrine, and that is what the defendants assert in this case. In *Beaty v. McGraw*, No. 01A01-9701-CV-00046 at *6 (Tenn. Ct. App. Dec. 10, 1998), Judge Koch surveyed the Tennessee decisions and distilled the following requirements for the collateral estoppel doctrine:

1. that the issue sought to be precluded is identical to the issue decided in the earlier suit;

2. that the issue sought to be precluded was actually litigated and decided on its merits in the earlier suit;

3. that the judgment in the earlier suit has become final;

4. that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier suit; and

5. that the party against whom collateral estoppel is asserted had a full and fair opportunity in the issue now sought to litigate the issue earlier sought to be precluded.
   (Footnotes omitted.)

The issue to be litigated in this case was the defendants' liability for a breach of the bailment contract. From the record in this case we cannot conclude that that issue was litigated in the former case. In fact we don't think it could have been

- 5 -

litigated in that action because the truck was not delivered to the plaintiff until the former suit had been settled. Therefore the breach did not occur until after the agreed judgment was entered in that case.

It is true that in his Rule 60.02 motion in the former case the plaintiff alleged that the judgment should be set aside so that he could make a claim for the damages to the truck inflicted while the truck was in the exclusive possession and control of the appellee. The Court of Appeals held in part that the Rule 60.02 relief was barred by the doctrine of laches. But that decision was not on the merits of the bailment claims. See Goeke v. Woods, 777 S.W.2d 347 (Tenn. 1989). While the defendants may ultimately prevail on the laches defense, it has not been raised on the merits of the bailment claim.

### III.

### Former Suit Pending

In Cockburn v. Howard Johnson, Inc., 385 S.W.2d 101 (Tenn. 1964), the Court recited the requirements for a successful plea based on a former suit pending:

> [T]he two suits must involve the identical subject matter and be between the same parties and the former suit must be pending in a court in this state having jurisdiction of the subject matter and the parties.

385 S.W.2d at 102.

This court recently held that the defense was still viable in Tennessee. See Davich v. State Farm, No. 01A01-9303-CV-00119 (Tenn. Ct. App. August 18, 1993).

Again, the record in this case is simply not complete enough to allow us to conclude that the same issues were involved in the former suit. And we think the

record refutes a conclusion that the same issue was pending in an appeal of the former case. That appeal only involved the propriety of the trial judge's ruling on the Rule 60.02 motion. It did not involve an appeal of the merits of a bailment claim.

The judgment of the lower court is reversed and the cause is remanded to the Chancery Court of Davidson County for further proceedings. Tax the costs on appeal to the appellee.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE