# IN THE COURT OF APPEALS OF TENNESSEE
## AT MEMPHIS
### October 10, 2000 Session

## DOUGLAS R. SHANKLIN, M.D. v. UT MEDICAL GROUP, INC.

**Direct Appeal from the Circuit Court for Shelby County**
**No. 302611 T.D.     Robert L. Childers, Judge**

---

**No. W1999-01982-COA-R3-CV - Filed November 6, 2000**

---

This appeal arises from a trial court's finding that a subsequent action by Doctor was barred under the doctrine of res judicata due to the court's decision in an earlier case. On appeal, Doctor argued that his earlier action for age discrimination and retaliation in violation of the Tennessee Human Rights Act was not the same as the current action, which involves breach of contract and unjust enrichment. We affirm the trial court's ruling.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and HOLLY K. LILLARD, J., joined.

Donald A. Donati, Memphis, Tennessee, and William B. Ryan, Memphis, Tennessee, for the appellant, Douglas R. Shanklin, M.D.

Bradley E. Trammell, Memphis, Tennessee, for the appellee, UT Medical Group, Inc.

### OPINION

On June 30, 1997, Dr. Douglas R. Shanklin (Dr. Shanklin) filed, *pro se*, a suit against UT Medical Group (UTMG) for age discrimination and retaliation in violation of the Tennessee Human Rights Act. The basis for his age discrimination claim was that UTMG had hired a younger woman to perform many of his previous duties. This act resulted in a decrease in Dr. Shanklin's salary. Dr. Shanklin's retaliation action alleged that UTMG had retaliated against him for his opposition to discriminatory employment practices. The specific retaliation alleged was that UTMG had revoked his usual teaching assignments, thus denying him the opportunity to fulfill the duties for which he was hired. The trial court, noting that UTMG had not been served with a copy of the complaint and summons until September 24, 1997, dismissed the action upon UTMG's motion for insufficient service of process. The trial court noted that Dr. Shanklin had violated Rules 3 and 4 of the

Tennessee Rules of Civil Procedure by failing to properly serve UTMG prior to the running of the statute of limitations.

In June of 1999, Dr. Shanklin filed an action for breach of contract and unjust enrichment against UTMG. UTMG filed a motion to dismiss or alternatively for summary judgment based upon the argument that the action was barred by the doctrine of res judicata due to the court's decision in the earlier case. The trial court agreed with UTMG and entered an order granting the motion. Dr. Shanklin filed this appeal arguing that his 1997 proceedings and his current proceedings do not involve the same cause of action, and, as such, the doctrine of res judicata does not apply.

The issue presented by the appellant on appeal, as we perceive it, is as follows:

Did the trial court err in finding that Dr. Shanklin's claims for breach of contract and unjust enrichment were barred by the doctrine of res judicata?

## Res Judicata

The doctrine of res judicata is well established in Tennessee courts. "[R]es judicata bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." *Hampton v. Tennessee Truck Sales, Inc.*, 993 S.W.2d 643, 645 (Tenn. Ct. App. 1999) (citing *Goeke v. Woods*, 777 S.W.2d 347, 349 (Tenn. 1989)).

> The [doctrine] of res judicata is based on the principle not only that the same parties in the same capacities, should not be required to litigate anew a matter which might have been determined and settled in the former litigation, but . . . that litigation should be determined with reasonable expedition, and not be protracted through inattention and lack of diligence.

*Jordan v. Johns*, 79 S.W.2d 798, 802 (Tenn. 1935). "The key to an analysis under res judicata is *whether the issue could have been litigated in the former lawsuit.*" *Baldwin v. Knox County Bd. of Educ.*, No. 03A01-9903-CH-00110, 1999 WL 893827, at *2 (Tenn. Ct. App. Oct. 15, 1999) (*no perm. app. filed*) (emphasis added).

Dr. Shanklin argues that the doctrine of res judicata does not apply in this case as his current proceeding and his 1997 proceeding involve different causes of action. Dr. Shanklin's 1997 case involved age discrimination and retaliation in violation of the Tennessee Human Rights Act. His current case involves claims of breach of employment contract and unjust enrichment by UTMG. A central issue in both cases is the reduction in Dr. Shanklin's salary. Both of these cases cited this reduction in salary as a "cause of action."

We find that the key to our analysis of this case is whether the breach of contract and unjust enrichment claims "could have been litigated in the former lawsuit." *Id.* Upon examination of the

record, it is quite clear to this court that both of these claims could have and should have been litigated in the first lawsuit. As Dr. Shanklin failed to do so then, he is barred from doing so now. Any other finding in this case would violate the principles of res judicata. We must affirm the trial court's ruling that Dr. Shanklin's actions for unjust enrichment and breach of contract are barred by the doctrine of res judicata.

## Conclusion

Based on the foregoing conclusions, we hereby affirm the ruling of the trial court. Cost on appeal are assessed against the appellant, Dr. Douglas R. Shanklin, and his surety, for which execution may issue if necessary.

 

_____
DAVID R. FARMER, JUDGE