FILED

03/29/2017

Clerk of the
Appellate Courts



IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 17, 2017 Session

## RICHARD LANE, ET AL. v. ESTATE OF GARY K. LEGGETT

**Appeal from the Circuit Court for Sumner County**
No. 83CC12014CV59        Joe Thompson, Judge
_____

No. M2016-00448-COA-R3-CV
_____

This appeal arises from an action to recover for emotional injuries allegedly sustained when the decedent/defendant's automobile drove into Plaintiff's business, struck a gas meter, and started a fire, which destroyed the business. The Plaintiff filed suit alleging causes of action for negligence and negligence *per se* and sought damages for emotional distress. The Defendant moved for summary judgment on the ground that Tennessee law does not recognize a cause of action for emotional injuries arising out of damage to or loss of property. The trial court granted summary judgment to Defendant on the negligent infliction of emotional distress claims, finding that Plaintiff did not establish that the injury was the proximate and foreseeable result of the Defendant's negligence. The court dismissed the remaining claim on the basis of the prior suit pending doctrine due to a pending interpleader action filed by Defendant's liability insurer. Plaintiff appeals; we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Benjamin K. Dean, Springfield, Tennessee, for the appellant, Richard Lane.

Louis Andrew McElroy, Knoxville, Tennessee, for the appellee, Joe R. Johnson, Estate of Gary Leggett.

## OPINION

### I. FACTUAL AND PROCEDURAL HISTORY

Richard Lane operated an antique business, gift shop, and garden center located on Highway 31W in White House, Tennessee. On January 22, 2013, Gary Leggett was

driving his vehicle on Highway 31W when he rear-ended another vehicle, left the roadway at a high rate of speed, and ran the vehicle into the building that housed Mr. Lane's business. The vehicle struck the building's natural gas meter, resulting in a fire that burned for several hours and caused the complete loss of the business. Mr. Lane was not at the business at the time but returned upon being alerted that it was on fire. Mr. Leggett died at the scene as a result of the accident.

On January 22, 2014, Mr. Lane ("Plaintiff") filed suit against Mr. Leggett's estate ("Defendant"), alleging that Mr. Leggett's negligence resulted in a collision that caused "the Plaintiff's business and contents [to be] damaged and consumed by a great fire" and that "[a]s a result of observing the fire and the circumstances surrounding the same, including having narrowly escaped being present when the incident occurred, the Plaintiff has been caused severe mental and emotional injuries and has had to seek the assistance of a psychologist and psychiatrist . . . [and] has been diagnosed with Post Traumatic Stress Disorder and Anxiety."

Lane subsequently amended his complaint by naming a different administrator *ad litem*,[1] adding the phrase "reckless" to his description of the decedent's operation of his vehicle, and adding the phrase "and his reckless and wanton acts" to a sentence in the prayer for relief. Defendant answered, generally denying liability and asserting that "the Plaintiff has failed to state a claim upon which relief can be granted. . . . More specifically, Plaintiff is making a claim for Negligent Infliction of Emotional Distress against this Defendant for alleged property damage. A relief for said claim is not provided under Tennessee Law."

Defendant subsequently moved for summary judgment, contending that negligent infliction of emotional distress is not a cause of action intended to permit recovery for emotional distress arising in connection with property damage. Along with the motion, Defendant filed a statement of undisputed facts that quoted from four paragraphs in the amended complaint:[2]

> 1. Plaintiff, Richard R. Lane, at the time of the incident in issue, operated an antique business, gift shop and garden center at 3210 Highway 31W,

---

[1] The new administrator *ad litem* was appointed to avoid a potential conflict of interest.

[2] On appeal, Plaintiff questions the propriety of Defendant's citation to facts alleged in the complaint in the statement of undisputed facts, rather than Defendant supporting the motion by affidavits. This concern is unwarranted. Tennessee Rule of Civil Procedure 56.02 permits the summary judgment motion to be accompanied "with or without supporting affidavits." Rule 56.04 requires the court, in ruling on the motion, to consider the pleadings, among other filings, in ruling on the motion. There is no impropriety in Defendant's action in this regard.

White House, Tennessee 37188. (Plaintiff's Amended Complaint, Paragraph 1).

2. On or about January 22, 2013, the Defendant/Decedent was driving Southbound on Highway 31W in White House, Tennessee. (Plaintiff's Amended Complaint, Paragraph 4).

3. After having rear ended another vehicle and leaving the scene at a high rate of speed, the Defendant proceeded down Highway 31W until such time as he exited the roadway and collided with . . . the structure of the Plaintiff's business located at 3210 Highway 31W, White House, Tennessee 37188. (Plaintiff's Amended Complaint, Paragraph 4).

4. As a result of the collision between the Defendant/Decedent and the Plaintiff's business, the Plaintiff's business and contents were damaged and consumed by a great fire which was caused by the Defendant having struck the natural gas meter to the business. The Plaintiff had just left the building approximately 15 minutes before the incident occurred. (Plaintiff's Amended Complaint, Paragraph 7).

5. After being alerted that the incident had occurred the Plaintiff returned to the business to find the property engulfed in flames. The fire fueled by the natural gas raged for several hours after the accident, the Plaintiff having left the scene at approximately midnight the same evening. (Plaintiff's Amended Complaint, Paragraph 8).

Plaintiff agreed that the above statements are undisputed. As part of his response opposing the motion, Plaintiff filed a statement of 22 additional undisputed facts, 21 of which addressed the severity of Plaintiff's emotional injuries and various aspects of his treatment. The remaining statement asserted that the Decedent's vehicle was traveling 95 miles per hour at the time of impact. Defendant objected to all of the statements on the basis that they were not supported by evidence properly in the record or otherwise admissible.[3]

After a hearing, the trial court granted partial summary judgment to Defendant on Plaintiff's claim for negligent infliction of emotional distress, holding that "Lane has failed to establish that his emotional injury was a proximate and foreseeable result of Leggett's negligence." Citing an interpleader action that had been filed by the auto liability insurance carrier for Mr. Leggett, Defendant then moved for dismissal of the

---

[3] The court did not address Defendant's objection in ruling on the motion, and neither party raises the objection as an issue on appeal.

remaining claims on the basis of the doctrine of prior suit pending[4] or, alternatively, to consolidate Plaintiff's remaining claims for property damage with the interpleader action. The trial court granted the motion and dismissed Plaintiff's complaint without prejudice.

Plaintiff moved to alter or amend the judgment, arguing *inter alia* that the prior suit pending doctrine was not applicable because Plaintiff's claim for reckless infliction of emotional distress was not raised in, and the administrator *ad litem* was not a party to, the interpleader action. The court denied the motion, stating that "after reviewing the pleadings of Richard Lane," it "concluded that Richard Lane had not stated a claim for relief based upon reckless infliction of emotional distress."

Plaintiff appeals, raising the following issues for our review:

1. Whether the trial court erred in granting Defendant/Appellee's summary judgment motion dismissing the Plaintiff/Appellant's claims for negligent infliction of emotional distress.

2. Whether the trial court erred in dismissing the Plaintiff/Appellant's claim for intentional/reckless infliction of emotional distress.

## II. STANDARD OF REVIEW

We review the trial court's ruling on a motion for summary judgment *de novo*, without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Abshure v. Methodist Healthcare-Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010); *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)). Our review requires "a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* (citing *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013)). Under Rule 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

---

[4] "[A] case is subject to dismissal if there is a prior lawsuit pending involving the same parties and the same subject matter." *West v. Vought Aircraft Indus., Inc.*, 256 S.W.3d 618, 620 (Tenn. 2008). In *West,* this Court observed that:

> There are four essential elements to a defense of prior suit pending: 1) the lawsuits must involve identical subject matter; 2) the lawsuits must be between the same parties; 3) the former lawsuit must be pending in a court having subject matter jurisdiction over the dispute; and 4) the former lawsuit must be pending in a court having personal jurisdiction over the parties."

256 S.W.3d at 623 (citing *Cockburn v. Howard Johnson, Inc.,* 215 Tenn. 254, 385 S.W.2d 101, 102 (1964)).

4

material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review the applicability of the prior suit pending doctrine *de novo*, as it is a matter of law. *Pitts v. Villas of Frangista Owners' Ass'n, Inc.,* No. M2010-01293-COA-R3-CV, 2011 WL 4378027, at \*4 (Tenn. Ct. App. Sept. 20, 2011) (citing *West v. Vought Aircraft Indus., Inc.*, 256 S.W.3d 618, 622 (Tenn. 2008); *City of Newport v. Masengill Auction Co.*, 19 S.W.3d 789, 792 (Tenn. Ct. App. 1999)).

## III. ANALYSIS

Our review of the grant of summary judgment requires us to resolve whether and under what circumstances Tennessee recognizes a cause of action for negligent infliction of emotional distress when the emotional distress is alleged to have been caused by a defendant's negligence that results in damage to property.

The law of negligent infliction of emotional distress has been called "one of the most disparate and confusing areas of tort law." *Camper v. Minor*, 915 S.W.2d 437, 440 (Tenn. 1996). To recover damages based on a claim of negligent infliction of emotional distress, a plaintiff must prove each of the elements of general negligence: "duty, breach of duty, injury or loss, causation in fact, and proximate, or legal, cause." *Id.* at 446. A plaintiff must also prove that he or she has suffered a "serious" or "severe" emotional injury.[5] *Id.* The tort has been asserted in various factual scenarios;[6] however, no case has

---

[5] The Supreme Court set forth a list of nonexclusive factors that could support a plaintiff's claim that he or she has suffered a serious mental injury:

> (1) Evidence of physiological manifestations of emotional distress, including but not limited to nausea, vomiting, headaches, severe weight loss or gain, and the like;
> (2) Evidence of psychological manifestations of emotional distress, including but not limited to sleeplessness, depression, anxiety, crying spells or emotional outbursts, nightmares, drug and/or alcohol abuse, and unpleasant mental reactions such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, and worry;
> (3) Evidence that the plaintiff sought medical treatment, was diagnosed with a medical or psychiatric disorder such as post-traumatic stress disorder, clinical depression, traumatically induced neurosis or psychosis, or phobia, and/or was prescribed medication;
> (4) Evidence regarding the duration and intensity of the claimant's physiological symptoms, psychological symptoms, and medical treatment;
> (5) Other evidence that the defendant's conduct caused the plaintiff to suffer significant impairment in his or her daily functioning; and
> (6) In certain instances, the extreme and outrageous character of the defendant's conduct is itself important evidence of serious mental injury.

*Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 209–10 (Tenn. 2012). The above factors can inform the court's analysis when a claim of intentional infliction of emotional distress or negligent infliction of emotional distress is made, since "the torts of intentional infliction of emotional distress and negligent

explicitly held that negligent infliction of emotional distress is a cognizable claim when a plaintiff's emotional injuries arise solely out of property damage. We find instructive the statement of the Tennessee Supreme Court in *Whaley v. Perkins*:

> Subject to some exceptions, generally, under ordinary circumstances, there can be no recovery for mental anguish suffered by plaintiff in connection with an injury to his or her property. Where, however, the act occasioning the injury to the property is inspired by fraud, malice, or like motives, mental suffering is a proper element of damage.

197 S.W.3d 665, 670 (Tenn. 2006) (quoting 25 C.J.S. *Damages* § 99 (2002)).[7] Courts of other states have reached a similar conclusion. The Texas Court of Appeals has noted

---

infliction of emotional distress share a common, identical element — the 'serious or severe' mental injury requirement." *Rogers*, 367 S.W.3d at 206 (footnote omitted).

[6] *See, e.g.*, *Laxton v. Orkin Exterminating Co. Inc.*, 639 S.W.2d 431, 434 (Tenn. 1982) (permitting the plaintiffs to recover damages for mental anguish resulting from the defendant's contamination of the plaintiff's water supply where the defendant's negligence caused "mental disturbance, without accompanying physical injury or physical consequences," and there was no "other independent basis for tort liability"); C*amper v. Minor*, 915 S.W.2d 437, 443 (Tenn. 1996) (permitting the plaintiff to recover for emotional injuries sustained in a car wreck that left him physically unhurt and adopting the "general negligence approach"); *Ramsey v. Beavers*, 931 S.W.2d 527 (Tenn. 1996) (permitting a plaintiff who saw his mother die when she was hit by a car to recover for emotional injuries although he was not physically injured or in immediate danger of being physically injured, and holding that, in such circumstance, the plaintiff must establish: 1) that he or she was sufficiently near the injury-causing event to allow sensory observation of the event, and 2) that the injury was, or was reasonably perceived to be, serious or fatal); *Sallee v. Barrett*, 171 S.W.3d 822, 825 (Tenn. 2005) (holding that a plaintiff, who suffered "severe and permanent emotional distress and post-traumatic stress disorder" when the gun of a City of Clarksville police officer standing nearby discharged and the bullet struck the ground near the plaintiff, stated a cause of action for negligent infliction of emotional distress, but dismissing the case because the plaintiff had not named the city as a defendant); *Filson v. Seton Corp.*, No. M2006-02301-COA-R9-CV, 2009 WL 196048, at *1-2 (Tenn. Ct. App. Jan. 27, 2009) (holding that the plaintiff, a new mother who had been brought the wrong infant to nurse and then was sent home with an infant believed to be the correct child to await the results of the DNA testing, stated a cause of action for negligent infliction of emotional distress but granting summary judgment to the hospital due to the lack of expert proof as to the severity of the plaintiffs' emotional injuries).

[7] In the 2012 edition of *Corpus Juris Secundum,* section 99 was relocated to section 112; section 112 now reads as follows:

> **Subject to some exceptions, as where there was fraud, malice, or the like, or a trespass or nuisance, mental anguish suffered in connection with an injury to property is not an element of damages.**

> Although there is authority to the contrary, there is ordinarily no recovery for mental anguish suffered by the plaintiff in connection with an injury to his or her property. Some identified exceptions to the general rule of nonrecovery include: (1)

that "[m]ental anguish damages are not recoverable as a matter of law for the negligent destruction of property," but "'[m]ental anguish damages are recoverable for some common law torts that generally involve intentional or malicious conduct such as libel.'" *Beaumont v. Basham*, 205 S.W.3d 608, 619 (Tex. Ct. App. 2006) (quoting *City of Tyler v. Likes,* 962 S.W.2d 489, 495 (Tex. 1997)). Similarly, California courts have held, in the context of a claim for negligent infliction of emotional distress, that "[n]o California case has allowed recovery for emotional distress arising solely out of property damage, absent a threshold showing of some preexisting relationship or intentional tort." *Cooper v. Superior Court*, 200 Cal. Rptr. 746, 748 (Cal. Ct. App. 1984); *see also Erlich v. Menezes*, 981 P.2d 978, 985 (Cal. 1999); *Lubner v. City of Los Angeles*, 53 Cal.Rptr.2d 24, 29 (Cal. Ct. App. 1996).

The documents filed in support of and in opposition to the motion for summary judgment, along with the pleadings, shows that Defendant's negligence resulted in property damage; Plaintiff has not alleged or shown fraud, malice, or like motives on Defendant's part. Absent such a threshold showing, the law does not permit recovery for Plaintiff's emotional injuries. Accordingly, Defendant is entitled to summary judgment on this claim as a matter of law.

Plaintiff asserts that the dismissal of his claim for reckless infliction of emotional distress[8] was error. We do not agree. For the same reasons that there is no recovery on the claim of negligent infliction of emotional distress, there is no recovery for reckless infliction of emotional distress on the facts presented. Plaintiff has not alleged or established facts that would show an intentional act or ill motive so as to support a claim for emotional distress arising from Defendant's destruction of his property.

---

property damaged by an intentional or illegal act; (2) property damaged by acts for which the tortfeasor will be strictly or absolutely liable; and (3) property damaged at a time that the owner thereof is present or situated nearby and the owner experiences trauma as a result. Also, where the act occasioning the injury to the property is inspired by fraud, malice, or like motives, mental suffering is a proper element of damage.

25 C.J.S. Damages § 112 (footnotes omitted).

[8] Our Supreme Court has held:

"[Th]e requirements for reckless infliction of emotional distress . . . are . . . first, the conduct complained of must have been reckless; second, the conduct must have been so outrageous that it is not tolerated by civilized society; third, the conduct complained of must have caused serious mental injury.

*Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d 22, 41 (Tenn. 2005).

Our disposition of this issue renders moot Plaintiff's concern that the court erred in dismissing the suit pursuant to the prior suit pending doctrine; his claim for property damage is being adjudicated in the interpleader action.

## IV. CONCLUSION

For the foregoing reasons and on the grounds stated herein, we affirm the grant of summary judgment and dismissal of this case.

_____

RICHARD H. DINKINS, JUDGE